Tax Appeals that the Commissioner should have allowed them for those years. See Burnet v. Sanford & Brooks Co., 282 U. S. 359, 366, 51 S. Ct. 150, 75 L. Ed. 383. The tolls were omitted from the original claim presented to the Director General. Neither the tolls nor interest items became the subject of negotiations until June, 1923, when liability for each was vigorously disputed. We think that the event which definitely determined the government's liability for either tolls or interest was the settlement in October following, and that the taxable income in question arose then and not previously. See Lucas v. American Code Co., 280 U. S. 445, 449, 50 S. Ct. 202, 74 L. Ed. 538; Lucas v. Ox Fibre Brush Co., 281 U. S. 115, 120, 50 S. Ct. 273, 74 L. Ed. 733; Bauer Bros. Co. v. Comm'r, 46 F.(2d) 874, 876 (C. C. A. 6). These cases deal with expense rather than income items, but the applicable principle is the same. See, also, U. S. v. Anderson, 269 U. S. 422, 441, 46 S. Ct. 131, 70 L. Ed. 347; Burnet v. Sanford & Brooks Co., supra. Until the settlement it could not be known how petitioner would fare as a result of government operation.

The decision of the Board of Tax Appeals is affirmed.

## In re AMERICAN CORK INDUSTRIES, Inc.
### No. 178.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1931

The opinion of District Judge Campbell is as follows:

This matter comes before the court on an order to show cause why an order should not be made authorizing and permitting the receiver to sell the machinery, equipment, and fixtures located at 1335 Grand street,

in the borough of Brooklyn, city of New York, free and clear of any and all liens or incumbrances of the Estate of Louis Bossert, Inc.

On February 6, 1930, a lease was entered into between the Estate of Louis Bossert, Inc., as landlord, and the bankrupt, as tenant, of the premises No. 1335 Grand street, in the borough of Brooklyn, city of New York, to commence on the 15th day of March, 1930, and to continue for a period of three years, that is, up to March 14, 1933, at a yearly rental of $9,500, payable at the rate of $791.60 monthly in advance on the 15th day of each month during the said tenancy.

This lease was recorded by the landlord in the register's office, Kings county, as a lease, but was not filed as a chattel mortgage.

Subsequent to the making of the lease aforesaid, the tenant entered into possession of the premises, and at considerable expense installed machinery thereon, consisting of cork borers, slicers, cutters, tumblers, 50 cork-taping machines, compressor and motor, blower, sorters, lathe, miller, drills, hacksaw, scales, drying rooms, presses, grinder, saws, brusher, and conveyor, burlap, office furniture, and equipment.

The receiver contends that all of this machinery, equipment, and appliances are in the nature of trade fixtures, and are not permanently or in anywise attached to or some part of the building, but, on the contrary, are mostly attached by screws which can very readily and without any harm to the building or the premises be removed, and that most of them, the receiver has been advised, are portable machines that can be carried out by hand.

The landlord contends that all of the machinery and equipment installed in the building, with very minor exceptions, were incorporated therein specifically to suit the needs of this kind of manufactory, and that all the machinery and equipment (again with minor exceptions, such as motors and wiring) are integrated into the building and merged into the freehold; this, not only in contemplation of the parties under the terms of the lease,—paragraph 7 thereof—but as a matter of fact the machinery and equipment are demonstrated to be in reality irremovably affixed to and made part of the building.

If as a matter of fact the machinery and the equipment, or any part thereof, were in reality irremovably affixed to and made part of the building, this court cannot order a sale of so much of the machinery and equipment, or any part thereof, as was so irremovably affixed to and made part of the building.

The landlord, however, is not claiming all of the machinery, equipment, appurtenances, and fixtures installed by the tenant, by virtue of its being attached to the freehold, but because of a claim of right to hold the same as additional security for the lease, under the terms of paragraph 7 of the lease.

Simultaneously with the making of the lease, the bankrupt deposited $2,000 in cash with the landlord as security under the lease.

Concurrently, the landlord and the bankrupt entered into a supplemental written contract for the sale of said premises by the landlord and purchase by the bankrupt for the sum of $95,000.

In and by said contract of sale, it was provided that the $2,000 deposited as security under said lease should be carried over and be used as a down payment contingent upon the bankrupt exercising its right to purchase.

The bankrupt never exercised its option or right to purchase the said premises; therefore the contract of sale never became operative, and the $2,000 which had been deposited as security remained as security, and never lost its identity as security.

Paragraph 7 of the said lease reads as follows:

"7. That all machinery, equipment, appurtenances and fixtures that the tenant may install in the demised premises shall be deemed for all purposes to be merged in the freehold and be and become a part of the realty, notwithstanding anything to the contrary here or elsewhere hereinafter appearing, only for the purpose of additional security for this lease."

The lease also contained a provision giving the landlord the right to terminate the lease in case of the bankruptcy of the tenant, the bankrupt herein, but the landlord has not elected to terminate the lease, and a considerable sum is due the landlord as rent.

Paragraph 7 differs from provisions inserted in leases to show the intent of the parties, that machinery, fixtures, etc., attached to the freehold be and remain the property of the landlord, in that by its very terms it negatives any such idea and specifically provides that the property of the classes specified shall be deemed to be merged in the freehold and be and become a part

of the realty "only for the purpose of additional security for this lease."

I agree with the attorney for the landlord that security may be given for the performance of the term of the lease, including machinery, equipment, appurtenances, and fixtures, and this I do not understand is disputed by the attorney for the receiver.

The question here presented is, not whether such security may be given, but how it should be given.

There was no absolute sale or gift of the personal property in question of the bankrupt to the landlord, but a gift for security, and this was subject to defeasance and the right of the tenant to redeem and permitting title to reinvest in the tenant, and in effect operated as a chattel mortgage, and, not having been filed as such in the proper office, as required by the Lien Law of the State of New York, chapter 38 of the Laws of 1909, entitled an act in relation to liens, constituting chapter 33 of the Consolidated Laws of the State of New York, is void.

Section 230, article 10, of the Lien Law of the State of New York, supra, provides as follows: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels or of any canal boat, steam-tug, scow or other craft, or the appurtenances thereto, navigating the canals of the state, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article. * * *"

Section 47a of the Bankruptcy Act (11 USCA § 75 (a) gives a trustee, as to all property coming into the custody of the bankruptcy court, "all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

Section 65 of the Personal Property Law of the State of New York (Consol. Laws, c. 41) avoids an unfiled conditional sale only in favor of lien creditors, while a failure to file a chattel mortgage makes it absolutely void against the creditors of the mortgagor.

Section 67 of the Bankruptcy Act, 11 USCA § 107 (a), (b), provides as follows:

"(a) Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate.

"(b) Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

The property in question is in possession of the court, and this court has jurisdiction and may proceed summarily.

The test of jurisdiction to proceed in a summary way, or by summary proceedings, to determine controversies in regard to real or personal property, is possession of such property in or by the bankrupt at the time of the filing of the petition and adjudication. In re Logan (D. C.) 196 F. 678; Collier on Bankruptcy (13th Ed.) pp. 751, 752.

The contract in question should be treated as a chattel mortgage and not as a conditional sale, Parshall v. Eggert, 54 N. Y. 18, 23; Smith v. Beattie, 31 N. Y. 542; Blake v. Corbett, 120 N. Y. 327, 24 N. E. 477; Hughes v. Harlam, 166 N. Y. 427, 60 N. E. 22; and is void as against the receiver or trustee for want of filing, Blue v. Herkimer Nat. Bank (C. C. A.) 30 F.(2d) 256.

In the Matter of Ijams & Landen, Inc., 21 F.(2d) 251, the United States District Court in Ohio held that a lease giving a lien on chattels as security for rent is invalid against lessee's trustee in bankruptcy if not filed as a chattel mortgage although filed as a lease. This last-cited case seems to be directly in point.

It must be borne in mind that the provisions of paragraph 7 of the lease, supra, related to property that the tenant might install, that is, after-acquired property, and such mortgages have been held invalid. In re Marine Construction & Dry Dock Co. (C. C. A.) 144 F. 649, modifying (D. C.) 135 F. 921; In re Adamant Plaster Co. (D. C.) 137 F. 251; Zartman v. First National Bank, 109 App. Div. 406, 96 N. Y. S. 633; In re Leslie-Judge Co. (C. C. A.) 272 F. 886.

Although an unfiled chattel mortgage is valid as between the parties, it is by statute made void against creditors and subsequent purchasers and mortgagees in good faith. Stewart v. Platt, 101 U. S. 731, 25

L. Ed. 816; Gandy v. Collins, 214 N. Y. 293, 108 N. E. 415, reversing on other grounds 160 App. Div. 525, 146 N. Y. S. 89.

By section 67 (a) of the Bankruptcy Act (11 USCA § 107 (a) it is provided that "claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." In re Schmidt (C. C. A.) 181 F. 73; In re Gerstman (C. C. A.) 157 F. 549; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, reversing 105 App. Div. 617, 93 N. Y. S. 460; Gove v. Morton Trust Co., 96 App. Div. 177, 89 N. Y. S. 247.

Of course, the lease was a contract as contended by the attorney for the landlord, but the landlord could not take any title to the machinery, etc., installed in the premises other than what was in fact permanently and irremovably affixed to and made part of the building, except by the provision of paragraph 7 of the lease, which was in fact a bill of sale intended to operate as a chattel mortgage, and as such it is void as against creditors. Keller v. Paine, 107 N. Y. 83, 13 N. E. 635; Kings County Bank v. Courtney, 69 Hun, 152, 23 N. Y. S. 542; Woodworth v. Hodgson, 56 Hun, 236, 9 N. Y. S. 750; Lesser v. Bradford Realty Co., 116 App. Div. 212, 101 N. Y. S. 571; Sloan v. National Surety Co., 74 App. Div. 417, 77 N. Y. S. 428.

The motion is granted except as to so much, if any, of the machinery, equipment, and fixtures which as defined by general law are permanently and irremovably affixed to and made part of the building, and which the tenant, the bankrupt, would not have been entitled to remove if the lease had been fully complied with and payment of rent made in full.

The said machinery, equipment, and fixtures must be sold separately from any other property of the bankrupt, so that the amount realized on said sale may be definitely ascertained.

The question here presented is important, and does not appear to have been specifically passed upon in this circuit; therefore, in order to allow the landlord an opportunity to protect its rights, if it feels aggrieved by this decision, the sale must be adjourned to August 14, 1930.

Settle on one day's notice.

Maurice B. Rich, of New York City, for appellant.

Maxwell Rubin, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

Order affirmed on opinion of Campbell, J., below.

## MARYLAND CASUALTY CO. v. BEEBE.
### No. 478.

Circuit Court of Appeals, Tenth Circuit.

Dec. 24, 1931.

