The State Bank of Williamson, as Trustee, Plaintiff, *v.* Lamoka Power Corporation et al., Defendants.

State Bank of Williamson, as Trustee, et al., Appellants; Wadsworth & Olmstead, Inc., Respondent.

(Argued October 7, 1935; decided November 19, 1935.)

*Kenneth B. Keating* and *Keith D. Poland* for appellants. A mortgage pledging any income creates an equitable lien which is perfected by possession by the mortgagee, or demand for and appointment of a receiver. (*New York Life Ins. Co.* v. *Fulton,* 265 N. Y. 348;

*Wyckoff* v. *Scofield,* 98 N. Y. 475; *Rider* v. *Bagley,* 84 N. Y. 461; *Sullivan* v. *Rosson,* 223 N. Y. 217; *Ranney* v. *Peyser,* 83 N. Y. 1; *Guaranty Trust Co.* v. *N. Y. & Q. C. Ry. Co.,* 253 N. Y. 190.) Such an equitable lien is valid against the mortgagor and all transferees and creditors of the mortgagor except subsequent purchasers for value without notice, or attaching creditors or judgment creditors levying under execution at law, or general creditors in whose behalf an " equitable " or statutory attachment has been effected through sequestration proceedings under the General Corporation Law (Cons. Laws, ch. 23). (*Diana Paper Co.* v. *Wheeler-Green Electric Co.,* 228 App. Div. 577; *Rochester Distilling Co.* v. *Rasey,* 142 N. Y. 570; *Coats* v. *Donnell,* 94 N. Y. 168; *New York Security Trust Co.* v. *Saratoga G. & El. L. Co.,* 159 N. Y. 137; *United States Trust Co.* v. *N. Y., W. S. & B. R. Co.,* 101 N. Y. 478; *Matter of Jensen Co.,* 128 N. Y. 550; *Reynolds* v. *Ellis,* 103 N. Y. 115.) Section 130 of the Workmen's Compensation Law (Cons. Laws, ch. 67) does not affect the questions on the appeal as the priority conferred by that section does not outrank or displace mortgage or other liens. (*Schmidtman* v. *Atlantic Phosphate & Oil Corp.,* 230 Fed. Rep. 769; *New York Title & Mortgage Co.* v. *Polk Arms, Inc.,* 262 N. Y. 21.)

*Lewis P. Smith, Jr.,* for respondent. The respondent is entitled to have its claim paid out of moneys collected by the receiver for power furnished and rentals accrued prior to his appointment and taking possession of the property. (*New York Security Trust Co.* v. *Saratoga G. & El. L. Co.,* 159 N. Y. 137; *Zartman* v. *First Nat. Bank,* 189 N. Y. 267; *Galveston Ry. Co.* v. *Coudrey,* 11 Wall. 459; *Gilman* v. *Illinois & Missouri Tel. Co.,* 91 U. S. 603; *American Bridge Co.* v. *Heidelbach,* 94 U. S. 798.)

CRANE, Ch. J. In the main we agree with the determination of the Appellate Division in its modification of

the Special Term order. We think, however, that we must add our views on the point of procedure whereby the respondent may or may not be able to collect the amount found to be due it.

On the 1st day of May, 1928, the Lamoka Power Corporation gave a mortgage upon all its property and income, creating the Arcadia National Bank and Trust Company trustee to carry out the terms and conditions of the indenture in behalf of bondholders. The security was very broad in its provisions as it included all the buildings, structures and improvements, machinery and equipment, all franchises, agreements, leases, contracts, together with all moneys, rental due upon any contracts or agreements, " also all other property and property rights of whatsoever character or nature and wheresoever situate, real, personal or mixed, now owned, held, possessed or enjoyed by or in any manner conferred upon or accruing to the corporation * * *." The mortgagor defaulted, foreclosure proceedings were commenced by the successor trustee, and the receiver collected over $5,000 in cash for power supplied prior to his appointment, and a small item for rents due prior thereto.

Wadsworth & Olmstead, Inc., of Syracuse, is a domestic corporation and general agent of the Ætna Life Insurance Company, and prior to the appointment of the receiver above mentioned, executed and delivered a workmen's compensation policy to the Lamoka Power Corporation as employer, insuring its workmen. The premium for the services rendered amounted to $475, for which a claim was presented to the receiver for payment out of the moneys collected by him. The receiver rejected the claim upon the ground that it did not have priority or preference over the lien of the prior mortgage. We agree with the courts below that in this particular the receiver was in error, and that the mortgagee did not take precedence over general creditors to moneys due and owing for services rendered prior to the appointment of a receiver.

*New York Security & Trust Co.* v. *Saratoga Gas & Electric Light Co.* (159 N. Y. 137) is authority for this ruling, from which we have not departed in *New York Life Ins. Co.* v. *Fulton Development Corp.* (265 N. Y. 348), where we took pains to state that we did not decide the right of the owner to assign rents to third parties so as to deprive the mortgagee of an equitable lien upon those uncollected. Neither did we consider the respective rights of general creditors and mortgagee to rents uncollected at the time of a receiver's appointment.

With this part of the decision below we are in full accord. The Special Term directed the receiver to pay the claim. The Appellate Division struck this portion of the order out so that it now reads that Wadsworth & Olmstead, Inc., is entitled to $405.73 and priority over all claims under said mortgage. Payment is not directed, however, nor is the receiver in any way informed how he is to recognize this priority. The claimant is not a judgment creditor but a general creditor. It has no preference over other creditors except that given by section 130 of the Workmen's Compensation Law (Cons. Laws, ch. 67) which reads: "All premiums and interest charges on account of policies insuring employers against liability under this chapter which may be due to the state insurance fund, or any stock corporation * * * shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships involving the employer liable therefor or the property of such employer, provided however that claims for wages shall receive prior preference in all such proceedings." The claimant, therefore, may not receive its money until others having a prior or equal preference have been ascertained.

General creditors should also have notice of these claimed preferences in order to contest them if necessary. We know of no procedure whereby a general creditor whose claim has not been reduced to judgment or secured

by attachment can enforce payment except as provided by the provisions of the General Corporation Law (Cons. Laws, ch. 23) or article 60 of the Civil Practice Act. Article 11, section 150, of the General Corporation Law provides for the appointment of a receiver of a corporation in an action brought as prescribed in articles sixth, seventh and eighth of the chapter. Article seventh (§ 70) pertains to an action by a judgment creditor to sequestrate the property of a corporation where, after final judgment for the sum due, execution has been returned unsatisfied.

Subdivision 2 of section 150 provides for the appointment of a receiver of a corporation in an action brought to foreclose a mortgage upon the property where the debt has remained unpaid for thirty days or more.

Other provisions relate to other circumstances, but the act seems to recognize that where a receiver has once been appointed in any proper action the creditors may thereafter present their claims to him for payment. Thus, section 174 of the General Corporation Law says that immediately upon their appointment receivers shall give notice thereof which shall be by publication twice a week for three successive weeks in a newspaper published in the county where the office of the corporation was situated requiring all creditors of the corporation to make proof under oath of their demands to the receivers, by a day therein specified, not less than forty days from the first publication of such notice, while sections 180 and 181 provide for the method and order of payment.

The receiver appointed in this case holds a sum of money in excess of $5,000 to which the general creditors of the Lamoka Power Corporation are entitled. No other receiver can or need be appointed as this one has taken all the property of the corporation of every nature and description. He should, therefore, proceed in accordance with these provisions of the General Corporation Law to ascertain the general creditors and then pay their claims in the order of priority.

We, therefore, affirm the order of the Appellate Division in so far as it affirms the order of the Special Term decreeing that the claim of Wadsworth & Olmstead, Inc., is entitled to priority over all claims under the mortgage, and we modify both orders by directing that the receiver proceed in accordance with the provisions of the General Corporation Law to ascertain the general creditors of the Lamoka Power Corporation, and after having done so pay to the claimant herein the amount due it, or its proportionate share, in accordance with any established preference.

The order of the Appellate Division should be modified in accordance with this opinion and as thus modified, affirmed, without costs. The questions certified are answered: The first question in the affirmative, the second question in the negative.

O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.