### In re MARTIN CUSTOM MADE TIRES CORPORATION.
### No. 103.

Circuit Court of Appeals, Second Circuit.
Dec. 18, 1939.

Strauss, Reich & Boyer, of New York City, for debtor-appellant.

Clarence Horwitz, of New York City, for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Martin Custom Made Tires Corporation filed its petition for reorganization under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on February 14, 1938 in the District Court for the Southern District of New York. It was duly approved and the debtor, was at first temporarily and later permanently, continued in possession.

Certain personal property belonging to the debtor was covered at the time the petition was filed by a chattel mortgage it had given to the co-partnership of L. Albert & Son to secure a debt. That mortgage had not been recorded as required by statute in order to become a valid lien as against creditors of the debtor in bankruptcy and the claimant does not dispute that. See, In re American Cork Industries, 2 Cir., 54 F.2d 740.

The partnership filed a proof of claim in the reorganization proceedings in which a portion of the amount due was claimed to be secured by the mortgage. The debtor filed its motion to have (a) the entire claim of the partnership classified as an unsecured claim; (b) the mortgage held null and void; (c) the proof of debt expunged to the extent the claim was secured; and (d) the mortgage delivered to its attorneys. The motion was referred to a special master who filed his report recommending the denial of the motion. It was denied and the debtor appealed.

The question presented is whether the debtor in possession in these proceedings is entitled to have the claim of partnership "classified" as unsecured even though the mortgage admittedly had the same force and effect as to the debtor apart from its creditors as it would have had if it had been recorded in accordance with the statute.

The court below appeared to be of the opinion that the mortgagees had by virtue of the mortgage certain rights they might enforce against the debtor that could not be made subject to destruction or modification by a plan of reorganization duly confirmed. The theory of that seems to be that, although under subdivision c(11) of Sec. 77B, 11 U.S.C.A. § 207 sub. c(11), a debtor continued in possession shall have all the powers of a trustee duly appointed and such a trustee shall by virtue of subdivision c(2) of Sec. 77B have all the powers of a trustee appointed under Sec. 44 of the old Act, 11 U.S.C.A. § 72, a debtor in possession lacks the "rights" of a trustee appointed under Sec. 44 to have a mortgage which is invalid as to creditors avoided in these proceedings to the extent that the debt which it was given to secure may be treated as unsecured for all purposes of reorganization.

This reasoning fails to give effect to one of the main purposes of such reorganization proceedings as this. It is to make a fair and equitable application of the assets of a debtor, which cannot meet its obligations by payment in full as they mature, to an adjustment of its debts which are to be given like treatment when they are of like standing. If all debts are paid in full, it is obvious that it is immaterial whether some of them are secured or not and whether the security is valid only as to the debtor. But if, as here, some creditors must be satisfied with less than full payment the manner in which claims are entitled to share in the assets is of prime importance to those creditors.

The attempted distinction between the powers of a debtor in possession and the rights of a trustee in bankruptcy is unreal. A debtor in possession holds its powers in trust for the benefit of the creditors. The creditors have the right to require the debtor in possession to exercise those powers for their benefit. Consequently, the debtor in possession may move to have the mortgage held invalid as to creditors and have the mortgagee treated as an unsecured creditor in these proceedings. The entire debt proved by the partnership should, therefore, be put in the class of general unsecured claims and whatever plan of reorganization may be the result of the proceedings should be proposed, considered and approved on that basis. If in the unlikely event that, after creditors have been satisfied accordingly, some of the mortgaged property should be left unaffected by the plan and some part of the debt due the partnership should remain as an obligation of the debtor, whatever security the partnership may have under the mortgage is left for determination when, and if, that question may be presented.

Order reversed.