## NASH v. ONONDAGA HOTEL CORPORATION et al.

### No. 215.

Circuit Court of Appeals, Second Circuit.

Jan. 26, 1944.

John F. Nash and Schuyler L. Black, both of Syracuse, N. Y., for appellant.

George A. Langan, of Syracuse, N. Y., for Robert R. Meyer, a bondholder, appearing in support of appeal.

Allen C. Bragaw, of New York City, for Mokava Corporation, a bondholder, appearing in support of appeal.

Hiscock, Cowie, Bruce, Lee & Mawhinney, of Syracuse, N. Y. (H. Duane Bruce, of Syracuse, N. Y., of counsel), for appellees First Trust & Deposit Co. and others.

Mackenzie, Smith & Michell, of Syracuse, N. Y., for appellee T. Frank Dolan, Jr.

Costello, Cooney & Fearon, of Syracuse, N.Y. (Laurence Sovik, of Syracuse, N. Y., of counsel), for appellee Julia F. Parsons.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question raised by this appeal is whether a certain trust mortgage given by Onondaga Hotel Corporation to the Syracuse Trust Company, as trustee, covers furniture and equipment, or only the real estate of the debtor. On October 1, 1908, Onondaga Hotel Corporation executed and delivered the so-called trust mortgage to the Syracuse Trust Company, which, after mortgaging certain real estate of the mortgagor described therein, contained the following after-acquired property clauses:

"Also all of the buildings, structures and improvements on said premises or which may hereafter be put upon said premises."

"Also all the rights, properties and franchises which are owned or which may be hereafter owned or acquired by said Onondaga Hotel Corporation."

The appellants as holders of bonds under the foregoing mortgage, and Robert R. Meyer and Mokava Corporation, individual bondholders, seek to obtain a reversal of an order adjudging the trust mortgage a lien only on the real property of the debtor on the ground that, because of the after-acquired property clause above quoted, the mortgage covered certain furniture and equipment purchased by the Onondaga Company, a corporation organized for the purpose of operating the hotel and afterwards sold to the debtor. The Onondaga Company held leases from the Onondaga Hotel Corporation and the subsequently formed Annex Corporation, under which it operated the hotel properties of both corporations. Onondaga Hotel Corporation which executed the trust mortgage in 1908, and the Onondaga Annex Corporation, incorporated about 1914, were consolidated on March 2, 1927, and continued in the name of the Onondaga Hotel Corporation, the debtor herein. The furniture and equipment which are under consideration were acquired by the debtor on September 28, 1936, in partial settlement of arrears of rent owed by the Onondaga Company to the Onondaga Hotel Corporation in the amount of $440,200.

It is unnecessary for us to say whether the after-acquired property clause in the trust mortgage to the Syracuse Trust Company by the original Onondaga Hotel Corporation made prior to the consolida-

tion of the latter with the Annex Corporation, survived the consolidation. Assuming that the covenants as to after-acquired property were broad enough to include the furniture and also that under the New York law they constituted an agreement to bring it under the mortgage, which was good against the consolidated company, nevertheless the bondholders would obtain no lien upon the furniture by virtue of such covenants. The only claim they could assert would be as general creditors and not as holders of liens. New York Security & Trust Co. v. Saratoga Gas & Electric Co., 159 N.Y. 137, 142, 53 N.E. 758, 45 L.R.A. 132; Rochester Distilling Co. v. Rasey, 142 N.Y. 570, 37 N.E. 632, 40 Am.St.Rep. 635; Zartman v. First National Bank, 189 N.Y. 267, 271, 82 N.E. 127, 12 L.R.A.,N.S., 1083; State Bank v. Lamoka Power Corp., 269 N.Y. 1, 198 N.E. 609.

■ It is well settled that a mortgage embracing after-acquired personal property is invalid, under the New York law, as against attaching or execution creditors, and likewise as against a trustee in bankruptcy, who stands in their shoes, and that consequently such property when situated in New York becomes assets for general creditors which may be reached by a trustee in bankruptcy. In re Marine Construction & Dry Dock Co., 2 Cir., 144 F. 649; In re Humeston, 2 Cir., 83 F.2d 187.

It is suggested that there may be a different rule in case of a trustee appointed under Chapter X of the Bankruptcy Act. But Section 587 of Title 11 U.S.C.A. specifically gives a trustee appointed under Chapter X the same rights as those of an ordinary trustee in bankruptcy, and so Judge Nevin recently held in dealing with an after-acquired property clause in a mortgage. In re National Cottonseed Products Corp., D.C., 34 F.Supp. 438, 441. Cf. In re Martin Custom Made Tires Corp., 2 Cir., 108 F.2d 172.

■ It is also contended that there was a pledge of the lease of the hotel property as security for the trust mortgage and that this pledge in some way impressed a lien in favor of the bondholders upon the furniture which had been transferred by the tenant to the debtor to pay arrears of rent. The contention is entirely unsound. In the first place, there was no pledge of the lease held at the time when the arrears of rent were settled by the transfer of the furniture. Moreover, the furniture used to settle the arrears became the property of the debtor and not of the trustee under the trust mortgage. Neither the trustee of the mortgage nor the bondholders could acquire an interest in it without taking some proceeding for its sequestration and application to their claims; and they never took any such proceeding. Sullivan v. Rosson, 223 N.Y. 217, 119 N.E. 405, 4 A.L.R. 1400; In re Humeston, 2 Cir., 83 F.2d 187; In re McCrory Stores Corp., 2 Cir., 73 F.2d 270, 271; Prudential Ins. Co. v. Liberdar Holding Corp., 2 Cir., 74 F.2d 50, 52. The furniture when transferred to the debtor became general assets which passed to the trustee appointed under Chapter X who would acquire all the rights of the debtor therein as well as all the rights of a "creditor * * * holding a lien thereon by legal or equitable proceedings." 11 U.S.C.A. § 110, sub. c.

From the foregoing it is evident that the contentions of the appellant are without merit.

Order affirmed.