**UNITED STATES of America**

v.

**Francis Peter CROSBY, Joseph Castagna, J. Leonard Goldberg, Philip Gordon, Guy Gully, William J. McCarthy, Eugene Meredith, Leo B. Mittelman, Worth Pettit, Jr., Paul Reicher, Philip Gordon & Company, Inc. and Texas Adams Oil Company, Inc., Defendants.**

United States District Court
S. D. New York.
May 29, 1959.

S. Hazard Gillespie, Jr., U. S. Atty. for the Southern Dist. of New York, New York City, for United States, Anthony R. Palermo, Asst. U. S. Atty., Rochester, N. Y., of counsel.

Edward J. Ennis, New York City, for defendant William J. McCarthy.

Edward H. Levine, New York City, for defendant Eugene Meredith.

Joseph P. Marcelle, New York City, for defendant Worth Pettit, Jr.

DIMOCK, District Judge.

This is one of those oft occurring cases where a fundamental question arises which must have been answered over and over again but where no reported decision can be found which gives the answer.

■ The Government wishes to proceed with a trial of an indictment which names several individuals and a corporation, Texas-Adams Oil Company, Inc. The corporation has been summoned pursuant to Rule 9(c) (1) F.R.Crim.P. It has defaulted in appearance. The Government moves for the appointment of some one to represent the corporation.

■ Rule 43 provides that the defendant must be present at every stage of the trial and that a corporation may appear by counsel. The cases hold that a corporation may not appear except by counsel. Osborn v. United States Bank, 9 Wheat. 738, 830, 6 L.Ed. 204; Brandstein v. White Lamps, D.C.S.D.N.Y., 20 F.Supp. 369. A judgment of conviction of a corporation after a trial where it

had not appeared by counsel would therefore be invalid.

That the court has the capacity to render a valid judgment is not open to question. It would be idle to provide for summoning a corporation if the court, after so doing, could not render judgment against it. The court must, therefore, have power to appoint one of its attorneys and officers to appear for the corporation.

Thomas Burchill, Esq., of the bar of this court, is already representing, in civil litigation in New York, the trustee in bankruptcy of defendant corporation. I appoint him to appear for the corporation. Since every step taken so far has been taken without representation of defendant corporation, the attorney so appointed will be at liberty to adopt any procedure which he considers advisable to contest the jurisdiction of this court or the propriety of the proceeding.