**Vigdor SCHREIBMAN et al., Appellants,**

v.

**WALTER E. HELLER & COMPANY OF PUERTO RICO, Appellees.**

**Nos. 77–1744 and B–74–267.**

United States District Court,
D. Puerto Rico.

Feb. 23, 1978.

Vigdor Schreibman, pro se.

Jorge R. Jiménez, San Juan, P. R., Edward I. Cutler, Tampa, Fla., for appellees.

## OPINION AND ORDER

TORRUELLA, District Judge.

The present is a continuing part in the protracted litigation between Las Colinas Development Corp. (the debtor herein and hereinafter Development) together with its President Vigdor Schreibman, and the Walter E. Heller (hereinafter Heller) Companies. On June 22, 1977 Bankruptcy Judge, Asa S. Herzog, in an adversary proceeding to vacate a stay of lien enforcement under Rule 11–44, authorized and permitted creditors Heller and the Estate of Danilo de Celis to enforce their liens against debtor Development. Appeal of Judge Herzog's ruling has been taken by Development as the debtor, and by Vigdor Schreibman, as a creditor of Development. The Notice of Appeal of Development is signed by Vigdor Schreibman as its President. The Notice of Appeal of Vigdor Schreibman is signed by himself pro se.

From the record and evidence before us the following factual record is revealed: On December 17, 1974 Las Colinas Development Corp. filed a petition in bankruptcy under Chapter XI of the Bankruptcy Act. Prior to that petition, it had been attempting to develop some real estate which it had acquired in part from Las Colinas, Inc.,[1] and in part from the heirs of Danilo de Celis. To finance these purchases and proposed development the debtor (Development), sometime in December 1972, entered into a loan and pledge agreement with Walter E. Heller Company of Puerto Rico.[2] Sometime in the summer of 1974 a controversy arose between Heller and Development on the terms and conditions of the finance agreement. Due in part to the precarious relationship between Development and Heller, certain suits were filed against Development's property in the Superior Court of

1. Las Colinas, Inc. acting as debtor-in-possession under Chapter XI proceedings. Development is the owner of about 65% of the stock of Las Colinas, Inc. Mr. Schreibman controls about 94% of the stock of Development. See Appellants' Memorandum of Law p. 1.

2. During the proceedings the claim of Walter E. Heller of Puerto Rico was assigned to Walter E. Heller Company; thereafter both continued as co-Plaintiff or Codefendants.

Puerto Rico. It is because of these multiple controversies afflicting Development's property and financial position that it seeks protection under Chapter XI.

The first meeting of the creditors was held in March, 1975. At this meeting Heller filed its proof of claim, a Motion challenging the Chapter XI petition because it was not signed by an attorney, and its complaint for relief from the Rule 11–44 stay. On March 14, 1975 Development filed a complaint attacking Heller's mortgage debt and seeking damages from Heller. Thereafter, Development filed a combined answer to the Heller complaint and an objection to the Heller claim. In December 1976 the Estate of de Celis filed its complaint for relief from the Rule 11–44 stay. By pretrial order of Judge Herzog of March 10, 1977 all four adversary proceedings involving Development, Heller, and de Celis were consolidated for trial. Said trial was held on March 28–29, 1977. The present appeals stem from judgments entered therein.

## THE APPEAL OF DEBTOR, LAS COLINAS DEVELOPMENT CORP.

The appeal of Development, and the Motion to Dismiss or Strike the Appeal filed by Heller, are addressed to the pivotal issue of whether Development can be represented in these proceedings by its nonlawyer president, and consequently, if any denial of such type of representation is violative of any constitutional mandate. Our disposal of this matter must involve the merits of the appeal as well as the Motion to Dismiss said appeal.

Throughout the entire factual history of these proceedings it seems clear that Mr. Schreibman has sought to legally represent the debtor.[3] His attempts to so perform have included: corporate resolutions authorizing him to so act, intervention as a majority stockholder of debtor, and direct motion to the Bankruptcy Court. Two different Bankruptcy Judges and one District Court Judge have already ruled adversely to Mr. Schreibman. The United States Court of Appeals has refused to rule on the merits of this request.[4]

It is this Court's holding that *In re Victor Publishers, Inc.,* 545 F.2d 285 (1st Cir., 1976) controls the situation before us. There a president of a corporation sought to represent it in bankruptcy proceedings. The Court unequivocally held that a corporation may be represented only by a licensed attorney. *Victor Publishers* at p. 286.[5] We are fully aware of what the Circuit Court considered an exception to this traditional rule.[6] We treat that "exception" with great reserve and caution in the case before us. What may have been permissible in *In re Las Colinas,*[7] supra, becomes manifestly impermissible in the situation before us. In *Las Colinas* the president adequately represented the debtor corporation against a claim of a creditor. In the case before us the president attempts to represent both the debtor corporation and a creditor (himself) in the same proceedings. To this Court there is an inherent conflict of interest in representing the debtor corpo-

3. The original petition for arrangement under Chapter XI was signed by Mr. Schreibman as "Attorney-in-Fact." Thereafter this Court has counted at least 12 instances in which Mr. Schreibman has raised the issue in the course of these proceedings.

4. Judge Rivera Cruz—March 13, 1975
   Judge Pesquera—September 22, 1975
   United States Court of Appeals—December 4, 1975
   Judge Herzog, 12 Collier Bankruptcy Cases, —— (D.P.R.1977).

5. Besides the cases therein cited see also: *Simbraw, Inc. v. U. S.,* 367 F.2d 373 (3 Cir., 1966); *Ashley Cooper Sales Services, Inc. v. Brent-*

*wood Mfg. Co.,* 168 F.Supp. 742 (D.Md.1958); *U. S. v. Crosby,* 24 F.R.D. 15 (S.D.N.Y., 1959). But see also *In the Matter of Holliday's Tax Services, Inc.,* 417 F.Supp. 182 (E.D.N.Y., 1976).

6. A note at p. 286 cites the exception accorded appellant in *In re Las Colinas, Inc.,* 453 F.2d 911 (1st Cir., 1971) cert. denied 405 U.S. 1067, 92 S.Ct. 1502, 31 L.Ed.2d 797 (1972). See also *Schreibman v. Mason,* 377 F.2d 99 (1st Cir., 1967).

7. In none of the cases cited at note 6, supra, does it seem that the representation issue was raised.

ration and being a creditor (or representing a creditor) within the same Bankruptcy proceedings, cf. factual situation *In re Highley,* 459 F.2d 554 (9th Cir., 1972). While it can be hypothetically argued that the debtor and the creditor seek similar relief in challenging Heller's claim, such fact alone would not resolve the conflict of interest problem. The inherent conflict remains since a conflict of interest must be measured in terms of the entire proceedings and not with respect to one limited aspect of it. Any justification that may have been meant by the note in *In re Victor,* supra, is dispelled by the factual situation which is before us. The debtor corporation herein must be represented by a duly licensed attorney other than Mr. Schreibman.[8] The corporation is thus, not properly before us.[9]

### THE APPEAL OF THE CREDITOR VIGDOR SCHREIBMAN

The creditor in his Notice of Appeal, appeals—"from the order of the referee entered in this cause on August 2, 1977, denying Debtor's Objections to the Claim of Walter E. Heller & Company, and denying Debtor's complaint challenging Heller's claim."

The appellee, Heller, moves to Dismiss or Strike said appeal because:

(1) Schreibman as a creditor has no standing to appeal from the denial of the objections and complaint.

(2) All the issues sought to be raised in Schreibman's appeal are necessarily raised in the purported appeal of the debtor.

■ It is a well settled rule that creditors cannot object to the claims of other creditors in straight bankruptcy proceedings. 3 *Collier On Bankruptcy* 57.12(2.2). This is so because in such proceedings it is the duty of the trustee to represent all the creditors and object the allowance of such claims as may be improper. Bankruptcy Act § 47a, 11 U.S.C. § 75(a); Rule 306(a) of Bankrupt-

cy Procedure. Under such a situation a creditor would lack standing to object to such claims.

■ However, under Chapter XI arrangement proceedings there is no trustee as the petitioner generally continues as a debtor-in-possession. Bankruptcy Act § 342; Rule 11–18(b). While it is true that in general terms the debtor-in-possession continues as a trustee and receiver, *In re Martin Custom Made Tires Corp.,* 108 F.2d 172 (2d Cir., 1939), 8 *Collier,* 3.16(2) p. 40, this does not necessarily exclude a creditor from objecting to the allowance of another creditor under Chapter XI proceedings. *In re Drive-In Development Corporation,* 371 F.2d 215 (7th Cir., 1967), cert. denied 387 U.S. 909, 87 S.Ct. 1691, 18 L.Ed.2d 626 (1967); *In re Strotz,* 50 F.Supp. 322 (S.D. Cal., 1943); 3 *Collier,* 57.17(2.2); 9 *Collier,* 7.10, p. 59, n. 10. For these reasons appellee's Motion to Dismiss or Strike the Appeal is DENIED.

We therefore turn to the merits of the appeal.

■ It is appellant Schreibman's contention that the Bankruptcy Judge erred in striking his objection to the Heller claim. The record demonstrates that at the time the Schreibman objection was filed (April 30, 1976), the debtor had filed a complaint against the Heller claim (March 14, 1975), and had some time before acquired representation by an attorney (Benito Gutiérrez Díaz, December 12, 1975). Since the debtor had already filed a complaint to the Heller claim, Schreibman's objection was ordered stricken. (February 28, 1977).

■ While we have stated that a creditor may have a right to object to the claims of another creditor, this right can by no means be considered unconditional. 3 Collier 57.17. Since the debtor-in-possession under Chapter XI assumes the position of a trustee, Bankruptcy Act, § 342; Rule

---

8. We could reach this conclusion even if Mr. Schreibman were in fact a duly licensed attorney. Cf. *Remole Soil Service, Inc. v. Benson,* 68 Ill.App.2d 234, 215 N.E.2d 678 (1966).

9. Because of our disposition of this appeal we need not enter into considerations of res judicata or constitutional due process rights of the corporation.

11–18(b); 8 Collier 6.32(1)(2), it would be unnecessary and inefficient for objections to be filed by both the creditor and the debtor. See: Advisory Committee's Note to Rule 306; 3 Collier, 57.17(2.2); Rule 903 Rules of Bankruptcy Procedure, cf. *In re: American Fidelity Corporation,* 28 F.Supp. 462 (S.D.Cal., 1939). The Bankruptcy Judge had, at the time he denied creditor's objection to the claim of Heller, reasonable expectation to believe that any objection to the Heller claim would be reasonably prosecuted by the debtor-in-possession in an adversary proceeding. Such an adversary proceeding would have been the correct place, time, and manner for such objection to be aired. This Court would believe the holding of the Bankruptcy Judge erroneous if there had been no opportunity given either to the debtor-in-possession, or to the creditor to challenge the Heller claim. From the record we find that the opposite is true. On the day of trial the debtor was present through its legal representation, Rigau & Figueroa. On the first day of trial the creditor, Mr. Schreibman, was also present. For reasons known only to them, the debtor on the morning of the trial elected to file an Amended Complaint wherein it did not challenge the Heller claim. Since a meaningful opportunity was given to challenge the Heller claim by the party that would be most adversely affected, we can find no error by the Bankruptcy Court in not permitting repetition, duplication of effort, and delay in these proceedings. The basic purpose of Chapter XI is "to provide a quick and economical means of facilitating simple compositions among general creditors . . ." *S.E.C. v. American Trailer Rentals Co.,* 379 U.S. 594, 606, 85 S.Ct. 513, 520, 13 L.Ed.2d 510 (1965). Rule 903 of Bankruptcy Procedure calls for "the expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy." See also *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). To these

ends the acts of the Bankruptcy Court were geared.

The purported appeal of the debtor, Las Colinas Development Corp. is DISMISSED. The Order appealed by creditor Vigdor Schreibman is AFFIRMED.[10]

IT IS SO ORDERED.

---

**10.** In view of our present disposition of these appeals we deem it unnecessary to enter into any considerations involving the further supplementation, or inclusion of further materials, into the record before us.