In re Neil John BATTINELLI and Elizabeth Lanes Battinelli, Debtors.

LAURELTON ELECTRIC AND MECHANICAL CORP., Plaintiff,

v.

Neil John BATTINELLI and Elizabeth Lanes Battinelli, Defendants.

Bankruptcy No. 891–81208–20.
Adv. No. 893–8017–20.

United States Bankruptcy Court, E.D. New York, Westbury Division.

July 19, 1994.

Richard J. McCord, Richard J. McCord, P.C., East Norwich, NY, for debtors.

Perri E. Frosch, Stanley B. Hendler, Todtman, Young, Tunick, Nachamie, Hendler, Spizz & Drogan, P.C., New York City, for creditor.

Richard O'Connell, Chapter 7 Trustee, Yost & O'Connell, Whitestone, NY.

Stan Y. Yang, Office of the U.S. Trustee, Garden City, NY.

## DECISION, ORDER AND JUDGMENT

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

The issue before the Court[1] is the dischargeability of a debt. Plaintiff commenced the within Adversary Proceeding by the filing of a complaint with the Court on January 13, 1993. Pursuant to the Adversary Proceeding, Plaintiff seeks judgment determining that a certain debt for money owed by Debtor is non-dischargeable for having been incurred through false pretenses, false representations, or actual fraud. Subsequent to the parties' pleadings, a trial of the issues was held and the Court reserved its ruling.

### RELEVANT FACTUAL BACKGROUND

The following facts were established at trial. Debtor, Neil John Battinelli, M.D., is a medical doctor specializing in cardiology. Alleging a decline in his business, Debtor filed a petition for bankruptcy relief on March 26, 1991, under chapter 11 of title 11, United States Code ("Bankruptcy Code" or "Code").

Subsequent to his filing, Debtor transacted business with Laurelton Electric and Mechanical Corp. ("Plaintiff"). It was orally agreed between Debtor and Plaintiff's president, Michael Scheffler, that Plaintiff would perform electrical work, including installation

---

1. The Court has jurisdiction over this case pursuant to sections 1334, 157(a) and 157(b)(1) of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(I) of title 28.

of lighting systems outside Debtor's home in Oyster Bay Cove, New York. An uncontested aspect of this oral agreement is the value of the materials to be furnished, which the parties understood to be $5000 to $6000. Plaintiff performed the work according to the initial agreement and to the subsequent consensual modifications, and this also is not contested. On several occasions, Debtor offered partial payments but these were refused by Plaintiff who stated that he preferred to have full payment tendered upon completion of his performance. Sometime after partial payments were offered, Debtor informed Plaintiff of his pending chapter 11 bankruptcy case. Debtor never made any payments to Plaintiff.

On October 9, 1992, Debtor's chapter 11 case was converted to one under chapter 7 of the Bankruptcy Code. Thereafter, Plaintiff instituted the within adversary proceeding pursuant to which it seeks judgment determining non-dischargeable the debt incurred by Debtor for services rendered and materials furnished by Plaintiff.

## LEGAL DISCUSSION

Plaintiff makes its request for judgment upon two theories: (i) the debt is non-dischargeable because it derives from a breach of Debtor's fiduciary duty to Plaintiff[2]; and (ii) the obligation is non-dischargeable pursuant to Bankruptcy Code section 523(a)(2)(A) which excepts from an individual's discharge debts for money, property, services or credit, to the extent obtained by false pretenses, a false representation or actual fraud. 11 U.S.C. § 523(a)(2)(A) (1994).

We turn first to Plaintiff's allegation that Debtor breached a fiduciary duty.

### A. Allegation that Debtor Breached Fiduciary Duty

 The filing of a bankruptcy petition creates an estate, which essentially comprises all of a debtor's interests in property. 11 U.S.C. § 541 (1994). A debtor under chapter 11 of the Bankruptcy Code remains in possession of estate assets with the powers and

rights to operate the business (if any) of the debtor. 11 U.S.C. §§ 1106–08, 704, 363 (1994). If there is a business, the debtor in possession may in the ordinary course of business use property of the estate or may enter into transactions providing for the use, sale or lease of property of the estate, without notice or a hearing. Id. §§ 363(b), (c), 704, 1106–08 (1994).

Under the Code, the chapter 11 debtor theoretically pays a larger percentage of creditors' claims than that which would be received under a straight chapter 7 liquidation. See 11 U.S.C. § 1129(a)(7) (1994). To encourage this larger payout, chapter 11 debtors are allowed to remain in possession of estate property. Wolf v. Weinstein, 372 U.S. 633, 651, 83 S.Ct. 969, 980, 10 L.Ed.2d 33 (1963); In re Martin Custom Made Tires Corp., 108 F.2d 172, 173 (2d Cir.1939) ("A debtor in possession holds its powers in trust for the benefit of creditors"). The assumption is that the debtor in possession might maximize estate assets and revive the business, if any.

 Estate property would, if not for chapter 11, eventually belong to the creditors through chapter 7, or by debt collection. Thus, a chapter 11 debtor who remains entrusted with possession of all estate property must be required to act in the interest of estate creditors. This trust position creates a duty to these creditors not to destroy or otherwise devalue the assets.

The doctrine that a chapter 11 debtor in possession owes a fiduciary duty to all creditors of the estate is presumably universal. E.g., Wolf v. Weinstein, 372 U.S. 633, 649–53, 83 S.Ct. 969, 979–82, 10 L.Ed.2d 33 (1963); Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 461 (6th Cir.1982) ("a debtor in possession has the duty to protect and conserve the property in his possession for the benefit of creditors") (citing, e.g., United States ex rel Willoughby, Trustee v. Howard, 302 U.S. 445, 450, 58 S.Ct. 309, 312, 82 L.Ed. 352 (1938); In re Martin Custom Made Tires Corp., 108 F.2d 172, 173 (2d Cir.1939);

---

**2.** Pursuant to section 523(a)(4) of the Bankruptcy Code, "a discharge ... does not discharge an individual debtor from any debt ... for fraud or

defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4) (1994).

*Northwestern Nat'l Bk. of St. Paul v. Halux, Inc. (In re Halux, Inc.),* 665 F.2d 213, 216 (8th Cir.1981)); *Devers v. Bank of Sheridan, Mont. (In re Devers ),* 759 F.2d 751, 754 (9th Cir.1985) (citing cases).

 The requisite to this fiduciary duty to others, however, is the existence of a debtor—creditor relationship. A debtor in possession does not owe a fiduciary duty to all persons or entities with whom the debtor comes in contact, merely because of its pending bankruptcy case. The duty exists only to creditors of the chapter 11 estate.

Whether Debtor breached any fiduciary duty to Plaintiff in the instant case, consequently, requires that Plaintiff have been a creditor of Debtor's estate at the time of the transaction in question. Unfortunately, Plaintiff was not a creditor of Debtor's estate.

A "creditor" is "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10) (1994). A "claim" is simply a right to payment. *Id.* § 101(5)(A) (1994). The filing of a voluntary petition constitutes an order for relief. *Id.* § 301 (1994). In the typical case, a creditor is an entity with a right to payment that arose prior to the date of the petition.

 Plaintiff's right to payment, however, accrued upon completion of its work upon Debtor's home, which was subsequent to Debtor's chapter 11 petition. An entity with a claim which arises subsequent to the chapter 11 petition is not a creditor of the chapter 11 debtor's estate. *Id.* § 101(10), (5) (1994). If an entity is not a creditor of the chapter 11 estate, than the debtor in possession is not controlling or guarding anything in which that entity has any interest. The debtor in possession consequently owes no fiduciary duty to this entity (other than that which might arise under other applicable law). The transaction is conducted at "arms length", and, to the entity dealing with the debtor, "caveat emptor". Chapter 11 does not automatically create a fiduciary relationship between the debtor in possession and every subsequent entity with which it ˙conducts business. An entity without a pre-petition

claim that transacts business with a debtor in possession post-petition, does so without the benefit of being able to hold the debtor to the higher standard of a fiduciary.

Since Plaintiff's claim arose post-petition, it was not a creditor and there was no fiduciary duty. Accordingly, the Court holds that the debt is not non-dischargeable for having derived from a breach of debtor's fiduciary duty.

## B. Allegation that Debtor Committed Fraud

We now decide whether Debtor's obligation to Plaintiff is non-dischargeable as one deriving from fraud.

 It is well established that to have a debt determined non-dischargeable for false pretenses, a false representation or actual fraud under section 523(a)(2)(A) of the Code, the five elements that must be proved in this district are: (1) The debtor must make an express or implied false representation; (2) The representation must be made with knowledge that it was false at the time it was made; (3) The false representation must be made with the intent to deceive; (4) The creditor must have reasonably relied upon the debtor's misrepresentation(s); and finally, (5) The creditor must establish that it was damaged. *E.g., Kovitz v. Tesmetges (In re Tesmetges),* 74 B.R. 911, 914 (Bankr. E.D.N.Y.1987), *aff'd,* 86 B.R. 21 (E.D.N.Y. 1988), *aff'd,* 862 F.2d 304 (2d Cir.1988); *Kotan v. Austin (In re Austin),* 132 B.R. 1, 3 (Bankr.E.D.N.Y.1991). The standard is by a preponderance of the evidence. *Grogan˙ v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991); *Citibank v. Wiener (In re Wiener),* 144 B.R. 17, 20 (Bankr. E.D.N.Y.1992); *e.g., First Dep. Nat'l Bk. v. Pursley (In re Pursley),* 158 B.R. 664, 667 (Bankr.N.D.Ohio 1993).

 The first element requires proof that Debtor made a representation to Plaintiff. It is undisputed that Debtor hired Plaintiff to supply and install residential outdoor lighting. By the nature of their agreement, the Court holds that Debtor's conduct constituted an implied representation of the ability and intention to pay for the goods furnished and services rendered. *E.g., Hotchkiss v.*

*Nat'l City Bk.*, 200 F. 287, 293 (S.D.N.Y. 1911), *aff'd*, 201 F. 664 (2d Cir.1912), *aff'd*, 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115 (1913); [3] *Robinson v. Munn*, 238 N.Y. 40, 143 N.E. 784 (1924); *In re Adams' Estate*, 1 A.D.2d 259, 149 N.Y.S.2d 849 (4th Dep't), *aff'd*, 2 N.Y.2d 796, 159 N.Y.S.2d 698, 140 N.E.2d 549 (1956); 22 N.Y.Jur.2d § 516 at 493–94 (1993).

Although Plaintiff has competently established the first element, the same cannot be said for the second element—that Debtor knew the representation was false at the time it was made. Plaintiff neither alleges nor demonstrates this element in any manner. Plaintiff presented no evidence tending to establish Debtor's financial status (such as, for example, bank records) as of the time of the implied representation. Plaintiff merely argues that Debtor's pending chapter 11 case constituted sufficient proof that Debtor's representation(s) was false. But the fact that Debtor was attempting a reorganization under chapter 11 at the time Plaintiff was hired does not, in and of itself, establish that Debtor was financially unable to perform pursuant to the parties' contract. Without confronting Debtor's financial status as of the time of the implied representation, Plaintiff cannot establish that it was false at the time it was made.

Without proof that Debtor made a false representation with knowledge that it was false at the time it was made, it is unnecessary for the Court to consider the subsequent elements of Plaintiff's claim.

For the reasons given, therefore, Debtor is granted **JUDGMENT** determining that his obligation to Plaintiff is **DISCHARGEABLE.**

**SO ORDERED, DECREED AND ADJUDGED.**

---

3. A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent. If, however, it were proved by twenty bishops that either party when he used the words intended something else than the usual meaning which the law imposes on them, he would still be held, unless there were mutual mistake or something else of the sort. *Hotchkiss*, 200 F. at 293 (quoted by Farnsworth, Contracts § 3.6 at 113 (1982)).