**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Dale E. BAKER and Jake Evenblij, Defendants-Appellees.**

No. 78–3019.

United States Court of Appeals, Ninth Circuit.

Aug. 30, 1979.

David B. Bukey, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellant.

David R. Koopmans, Short, Cressman & Cable, Seattle, Wash., for defendants-appellees.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

This is an appeal from orders of the district court directing the United States to pay attorneys' fees to retained defense counsel in a criminal case for services rendered in connection with the taking of depositions by the United States in advance of trial at Georgetown, Grand Cayman Island, British West Indies, pursuant to an order of the trial court granted under Rule 15 of the Federal Rules of Criminal Procedure.

The issues presented are (1) whether the orders granting the attorneys' fees are appealable under 28 U.S.C. § 1291, and (2) whether the district court erred in awarding the fees under and pursuant to Rule 15(c), F.R.Cr.P.

After carefully considering the questions presented, we are of the opinion that the answer to each of the questions is in the affirmative and that we must vacate the orders of the district court.

On October 26, 1977, appellees Baker and Evenblij were charged in a multiple count indictment with violations of federal mail, wire and securities fraud laws. Trial was set to begin on June 5, 1978. However, on May 22, 1978, the government, pursuant to Rule 15, F.R.Cr.P., moved for an order directing that the testimony of two persons be taken at Georgetown, Grand Cayman.

On May 24, 1978, the court found that due to exceptional circumstances, it was in the interest of justice that the testimony of two officials be taken in Grand Cayman prior to trial. Therefore, pursuant to Rule 15(c), F.R.Cr.P., it ordered the United States to pay the reasonable travel and subsistence expenses of the defendants and their counsel incurred in connéction with the taking of these depositions. In its order the court specifically reserved ruling on the question of allowing attorney fees until trial.

* For the District of Idaho, sitting by designation.

The depositions were taken and the case thereafter went to trial. Baker was convicted on 19 counts and is appealing from his convictions to this Court. Evenblij was acquitted on all counts. After trial, counsel for both defendants submitted vouchers for attorney fees incurred in connection with the taking of the Grand Cayman depositions, to which the government objected. The district court made and entered orders directing the government to pay the requested attorney fees and the government has appealed.

This Court has jurisdiction to consider the government's appeal. Title 28 U.S.C. § 1291 grants the federal courts of appeals jurisdiction to review "all final decisions of district courts", both civil and criminal. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Although Congress has not defined "final decisions", the United States Supreme Court has stated that the phrase should be given a practical construction. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974), the Court stated:

> The inquiry requires some evaluation of the competing considerations underlying all questions of finality—"the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other". *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950).

In *Cohen* certain shareholders brought a derivative civil action in which federal jurisdiction rested on diversity. Prior to trial a question arose as to whether a state statute requiring the plaintiff shareholders to post security for the costs of litigation applied in federal court. After the district court denied the motion to require such security, the corporate defendant sought immediate appellate review of that ruling. The court of appeals reversed and ordered that security be posted. The United States Supreme Court held that the court of appeals had jurisdiction under § 1291 to entertain an appeal from the district court's pretrial order because the order was the final disposition of a claim of right which was not an ingredient of the cause of action and did not require consideration with it. *Cohen, supra,* 337 U.S. at 546–547, 69 S.Ct. 1221. It was the Court's view that:

> This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Id.* at page 546, 69 S.Ct. at pages 1225–1226.

■ As the Supreme Court has indicated, the test to be applied in order to determine whether an order is final so as to be appealable under 28 U.S.C. § 1291 is (1) whether the order finally determines rights separable from, and collateral to, the main action, (2) whether the collateral rights are too important to be denied review, and (3) whether the collateral rights are too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. *See Hartland v. Alaska Airlines,* 544 F.2d 992, 1000 (9th Cir. 1976); *cf. Preston v. United States,* 284 F.2d 514, 515 n.1 (9th Cir. 1960) (order for dismissal of a petition for supplemental attorney fees and expenses advanced and for liens to secure their payment was a final decision and therefore appealable under 28 U.S.C. § 1291).

■ In this case, the two orders granting defense counsel fees for the taking of the depositions in Grand Cayman were and are completely separable from and collateral to the criminal prosecution of Baker and Evenblij. In this respect, the district court orders finally determined defense counsels' right to attorney fees under Rule 15(c), F.R.Cr.P. Since the jury acquitted Evenblij, the government, in the event that this Court were to determine that the orders are not appealable, would be denied review as to the award of attorney fees to Evenblij's counsel under Rule 15(c). In view of the

fact that Baker is presently appealing his conviction, the government could conceivably cross-appeal the award of the attorney fees in that case. However, it appears that the attorney fees issue is too independent of Baker's criminal appeal to require that appellate consideration be deferred until the time of his appeal.

Under the "collateral order" exception to 28 U.S.C. § 1291, this Court has jurisdiction to consider the government's appeal.

■ It appears that in the circumstances of this case the trial judge conscientiously believed that it was fair and reasonable to order the payment of attorney fees under Rule 15(c), but in our considered opinion, he erred in doing so.

Rule 15(c) in relevant part provides:
Whenever a deposition is taken at the instance of the government, . . . the court may direct that the expense of travel and subsistence of the defendant and his attorney for attendance at the examination and the cost of the transcript of the deposition shall be paid by the government.

Appellees argue that the above provision gives the trial court inherent power to specify conditions on the taking of a deposition in a criminal case, including the award of attorney fees. However, appellees cite no authority for such a proposition and our research has found no such authority. Rather, appellees suggest that the trial court's discretionary power to award attorney fees under Rule 15(c) should be inferred from the language of the rule itself.

At the outset, it should be noted that no case has been reported in which a court has awarded attorney fees incurred in the taking of a deposition pursuant to Rule 15(c). The reason for this is quite apparent since the rule simply provides that the trial court may direct the government to pay certain specific expenses; namely, the expense of travel and subsistence of the defendant and his attorney for attendance at the examination and the cost of the resulting transcript. While in some contexts this Court may be inclined to give the word "expense" a broad

construction, no such construction can be justified here where Congress has expressly narrowed the word "expense" to those costs incurred for travel and subsistence. As the government argues in its brief, had Congress intended to include such a major category of payments as attorney fees in Rule 15(c), it would have so expressly provided, as it has done in other federal statutes. *See* 18 U.S.C. § 2520 (civil actions for illegal interception of communications); 18 U.S.C. § 3006A(d) (Criminal Justice Act).

Rule 15(c) does not give the district court discretion to award attorney fees to retained counsel for services in the taking of depositions in a criminal case when requested and authorized by the court.

Accordingly, we are compelled to vacate the orders of the district court directing the United States to pay attorney fees to each of counsel for appellees for services in taking the depositions at the instance of the government.