FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED COPELAND, AKA Charles Alfred Copeland *Petitioner-Appellee*, <br><br> v. <br><br> CHARLES L. RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, <br> *Respondents-Appellants*. | No. 16-15849 <br><br> D.C. No. 2:13-cv-02278-PGR <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Filed March 28, 2017

Before: Marsha S. Berzon and Richard R. Clifton, Circuit
Judges, and Marvin J. Garbis,* District Judge.

Opinion by Judge Clifton;
Concurrence by Judge Berzon

---

*The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's orders requiring an Arizona state corrections official to reimburse a petitioner for deposition expenses incurred in his pending habeas proceeding under 28 U.S.C. § 2254.

The panel had interlocutory jurisdiction under the collateral order doctrine, and held that a district court cannot order a state to reimburse an indigent habeas petitioner for deposition expenses in a § 2254 habeas proceeding when, as here, the state did not request the deposition.

The panel remanded for further proceedings to determine whether the petitioner may obtain reimbursement from the federal government under the Criminal Justice Act.

Concurring in full, Judge Berzon noted that the Supreme Court has significantly limited the applicability of the collateral order doctrine in recent years, but that this court's precedents are not clearly irreconcilable with Supreme Court law.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kristina Reeves (argued), Assistant Attorney General; Lacey Stover Gard, Chief Counsel; John R. Lopez, IV, Solicitor General; Mark Brnovich, Attorney General; Capital Litigation Section, Office of the Attorney General, Phoenix, Arizona; for Respondents-Appellants.

Emma Isakson (argued) and Lee Stein, Mitchell Stein Carey PC,  Phoenix, Arizona, for Petitioner-Appellee.

---

**OPINION**

CLIFTON, Circuit Judge:

Respondent Charles L. Ryan, as Director of the Arizona Department of Corrections, appeals the district court's interlocutory orders requiring him to reimburse Petitioner Alfred Copeland for deposition expenses incurred in Copeland's pending habeas proceeding under 28 U.S.C. § 2254.  We have interlocutory jurisdiction under the collateral order doctrine.  We conclude that a district court cannot order a state to reimburse an indigent habeas petitioner for deposition expenses in a § 2254 habeas proceeding when, as here, the state did not request the deposition.  We reverse the relevant orders and remand for further proceedings to determine whether Copeland may obtain reimbursement from the federal government under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A.

## I.   Background

Following a jury trial in an Arizona state court, Copeland was convicted in February 2002 on ten different state criminal charges.  The state court sentenced Copeland to a total of 118 years' imprisonment.

Eleven years later, in November 2013, Copeland filed in federal court a *pro se* petition for habeas corpus under 28 U.S.C. § 2254 challenging his state convictions.  To overcome § 2254's one-year statute of limitations, Copeland alleged "actual innocence" on several counts of the underlying indictment.[1]  The district court held that Copeland had failed to establish actual innocence on all but two of the counts of the indictment, and ordered an evidentiary hearing on the remaining two counts.  In light of the evidentiary hearing and Copeland's indigent status, the district court ordered the appointment of counsel for Copeland under the CJA, 18 U.S.C. § 3006A(a)(1)(2)(B), and Rule 8(c) of the Rules Governing Section 2254 Cases.

Prior to the evidentiary hearing, the parties contacted two of Copeland's alleged victims, who had been identified as potential fact witnesses.  Both victims indicated that they no longer lived in Arizona and were unwilling to travel to Arizona to participate in the hearing.  At the suggestion of Copeland's appointed counsel, the district court excused the

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on § 2254 habeas petitions.  28 U.S.C. § 2244(d).  As an exception to this general rule, courts can consider untimely federal habeas petitions if the petitioner shows "actual innocence" on the challenged convictions. *Schlup v. Delo*, 513 U.S. 298, 318–23 (1995).

victims from appearing in person at the evidentiary hearing, and instead subpoenaed them to testify via video depositions to be taken near their respective homes outside Arizona. The district court ordered both parties' counsel to attend the depositions.

After the depositions were scheduled, Copeland's appointed counsel filed two *ex parte* motions requesting that the State reimburse Copeland for certain expenses incurred in connection with the out-of-state depositions.[2] The district court granted both applications under Federal Rule of Criminal Procedure 15(d), and ordered the State to reimburse Copeland for (1) "the expenses incurred in the taking of video depositions of [both witnesses]"; (2) "the reasonable travel and subsistence expenses incident to the attendance of [Copeland's] counsel at the depositions," including airfare, lodging, rental cars, and meals; and (3) "the costs of attendance of [both witnesses] at the depositions."

After the district court summarily denied the State's motion for reconsideration of the reimbursement orders, the State timely filed this interlocutory appeal.

---

[2] Specifically, Copeland sought reimbursement against Respondent Charles L. Ryan in his official capacity as the Director of the Arizona Department of Corrections. *See* Rule 2(a), Rules Governing Section 2254 Cases (requiring petitioner in state custody to "name as respondent the state officer who has custody"). For simplicity, we refer to Ryan as the "State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citation omitted)).

## II. Jurisdiction

Under the final judgment rule, appellate jurisdiction is customarily limited to "final decisions" of the district courts. 28 U.S.C. § 1291. Copeland's habeas petition is still pending before the district court, so there is no final judgment in his case yet. The State contends that we nevertheless have jurisdiction in this instance under the collateral order doctrine. We agree that there is collateral order jurisdiction here.[3]

The collateral order doctrine provides a narrow exception to the final judgment rule. Under the collateral order doctrine, an appellate court may exercise jurisdiction over an interlocutory ruling when the following three conditions are met: (1) the ruling constitutes a final ruling on the relevant issue; (2) the ruling resolves "important questions separate from the merits"; and (3) the ruling is "effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). Regarding the third condition, "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (quoting *Will v. Hallock*, 546 U.S. 345, 352–53 (2006)). "In making this determination, we do not engage in an 'individualized jurisdictional inquiry.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473 (1978)). Rather, we must focus on "the entire category to which a claim belongs," and

---

[3] Because we have jurisdiction under the collateral order doctrine, we need not consider the State's alternative request that we issue a writ of mandamus. *See Jackson v. Vasquez*, 1 F.3d 885, 888 n.1 (9th Cir. 1993).

determine whether "the class of claims, taken as a whole, can be adequately vindicated by other means." *Id.* (internal quotation marks omitted).

All three conditions are met here. As we have previously held, this court has collateral order jurisdiction to review interlocutory orders requiring a government litigant to pay for litigation expenses incurred by the opposing party. For example, in *United States v. Baker*, 603 F.2d 759, 761–62 (9th Cir. 1979), we exercised jurisdiction under the collateral order doctrine to review a district court order requiring the federal government to pay, under Federal Rule of Criminal Procedure 15, the defendant's attorney's fees for expenses incurred in connection with depositions held outside the United States. Similarly, in *Wiggins v. Alameda County*, 717 F.2d 466, 467–68 (9th Cir. 1983), we exercised jurisdiction to review a district court's order requiring state prison officials to pay expenses associated with producing and guarding a state prisoner during the duration of his federal civil rights trial. In exercising jurisdiction under the collateral order doctrine in *Wiggins*, we explained that collateral order review was appropriate because the order "resolved finally the State's efforts to avoid the costs associated with securing [the plaintiff's] presence at the trial of his civil rights action," and that "[s]uch an allocation of costs to the State was completely collateral to the issues raised in the underlying civil rights suit." *Id.* at 468.[4]

---

[4] Our approach is consistent with that of other circuits. *See United States v. Horn*, 29 F.3d 754, 768–69 (1st Cir. 1994) (exercising jurisdiction to review a district court order requiring the government to pay attorney's fees as a sanction for discovery misconduct); *United States v. Rogalsky*, 575 F.2d 457, 459 (3d Cir. 1978) (exercising jurisdiction to review a district court order requiring the government to pay under the CJA expenses incurred in connection with the psychiatric examination of

There is no reason to deviate from these authorities here. As in *Baker* and *Wiggins*, the State challenges only the district court's orders requiring the State to reimburse Copeland for his deposition expenses.  As required for collateral order review, the district court's reimbursement orders constituted the final ruling on Copeland's right to seek reimbursement from the State, the orders were separate from the merits of Copeland's habeas petition, and the orders would be effectively unreviewable on appeal from a final judgment on Copeland's habeas petition. *See Swint*, 514 U.S. at 42.

Further, when viewing the State's claim as belonging to a "class of claims, taken as a whole," it is clear that this category of claims cannot be "adequately vindicated by other means." *Mohawk Industries*, 558 U.S. at 107.  In this appeal, the State challenges orders by the district court requiring the expenditure of public funds to reimburse an indigent habeas petitioner for certain litigation expenses.  If review of the reimbursement orders were delayed until after final judgment, the State would be unable to collect from the petitioner the amounts it already paid out, even if the orders were reversed on appeal.  The premise of the orders was that Copeland is indigent and does not currently have the money to make the payments.  He is a prisoner, so it cannot be assumed that he would in the meantime come into funds sufficient to reimburse the State for the expenses.  Thus, as a practical matter, delaying review until after final judgment would leave the State with essentially no recourse to vindicate its "substantial public interest" in protecting the state fisc against the unauthorized expenditure of public funds. *Will*, 546 U.S.

---

an indigent defendant).

at 353. Collateral order jurisdiction is therefore appropriate here.

## III.    Discussion

We review de novo the district court's determination that Copeland is entitled to reimbursement from the State under Federal Rule of Criminal Procedure 15(d). *See United States v. Fort*, 472 F.3d 1106, 1109 (9th Cir. 2007) ("We review de novo a district court's interpretation of the Federal Rules of Criminal Procedure." (citing *United States v. Navarro Viayra*, 365 F.3d 790, 793 (9th Cir. 2004)).

On appeal, the State challenges the district court's reimbursement orders on two independent grounds: (1) the reimbursement orders were unlawful because there are no statutes or rules authorizing the district court to order the State to reimburse Copeland for the deposition expenses, and (2) the orders abrogated state sovereignty in violation of the Eleventh Amendment of the U.S. Constitution. We agree with the State on the first ground. The district court was not authorized to order the State to pay for expenses of depositions in a § 2254 habeas proceeding that were not requested by the State. Applying the principle of constitutional avoidance, we decline to consider whether the reimbursement orders violated the Eleventh Amendment. *Overstreet v. United Bhd. of Carpenters & Joiners of Am., Loc. Union No. 1506*, 409 F.3d 1199, 1211 (9th Cir. 2005).

## A.  *The district court cannot order reimbursement by the State.*

As a general rule, federal courts do not have authority to order one party in civil litigation to pay the expenses of the

other party. *See Carbonell v. INS*, 429 F.3d 894, 897–98 (9th Cir. 2005) ("[L]itigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise."); *see also Doe v. United States*, 112 F.R.D. 183, 184 (S.D.N.Y. 1986) ("Litigants generally bear their own deposition expenses initially. The exceptions to this rule are few."). Copeland argues that the district court was authorized to issue the reimbursement orders under both Federal Rule of Criminal Procedure 15(d) and the Rule 6(c) of the Rules Governing Section 2254 Cases. We disagree.

1. Federal Rule of Criminal Procedure 15(d)

Federal Rule of Criminal Procedure 15 concerns depositions in federal criminal proceedings. Rule 15(d), entitled "Expenses," provides:

> If the deposition was requested by the government, the court may – or if the defendant is unable to bear the deposition expenses, the court must – order the government to pay:
>
> > (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and
> >
> > (2) the costs of the deposition transcript.

Copeland argues that because the Federal Rules of Criminal Procedure apply to § 2254 habeas proceedings, he may

recover his deposition expenses from the State under Rule 15(d). That argument fails on multiple grounds.

To begin with, the Federal Rules of Criminal Procedure do not apply to habeas proceedings brought by state prisoners under 28 U.S.C. § 2254. Although habeas actions are filed by persons previously convicted of criminal offenses to challenge those convictions (or the effects of the convictions), habeas corpus proceedings are "civil in nature," not "criminal." *Mayle v. Felix*, 545 U.S. 644, 654 n.4 (2005). Federal habeas actions brought by state prisoners are brought under 28 U.S.C. § 2254 and are governed by a discrete set of rules, namely the Rules Governing Section 2254 Cases in the United States District Courts. *Id*. at 654. A different statute, 28 U.S.C. § 2255, pertains to habeas proceedings brought by persons convicted of federal crimes, and those cases are governed by a different set of rules, the Rules Governing Section 2255 Cases in the United States District Courts.

When a petitioner challenges a *federal* conviction under § 2255, discovery may be governed by both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. *See* Rule 6(a), Rules Governing Section 2255 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."); *see also* Rule 12, Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

By contrast, when the petitioner challenges a *state* conviction under § 2254, discovery is instead governed by the Federal Rules of Civil Procedure. *See* Rule 6(a), Rules Governing Section 2254 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ."); Rule 6(a), Rules Governing Section 2254 Cases, advisory committee's note to 1976 adoption ("This rule prescribes the procedures governing discovery in habeas corpus cases. Subdivision (a) provides that any party may utilize the processes of discovery available under the Federal Rules of Civil Procedure . . . if, and to the extent that, the judge allows."); *see also* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Copeland is a state prisoner, so his habeas action was brought under § 2254. Under the plain language of the Rules Governing Section 2254 Cases, only the Federal Rules of Civil Procedure apply to § 2254 habeas proceedings. The Federal Rules of Criminal Procedure do not apply to § 2254 habeas proceedings.

Copeland raises several arguments in response, all of which are based on the same premise: because there are no authorities expressly providing that the Federal Rules of Criminal Procedure do *not* apply to § 2254 habeas proceedings, the Federal Rules of Criminal Procedure apply here. This argument conflicts with a basic principle of statutory interpretation. Under the maxim of *expressio unius est exclusio alterius*, there is a presumption "that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions."

*Boudette v. Barnette*, 923 F.2d 754, 756–57 (9th Cir. 1991); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 107-111 (2012) (identifying this as the "Negative-Implication Canon"). Here, Rule 6(a) and Rule 12 of the Rules Governing Section 2254 Cases provide only that the Federal Rules of Civil Procedure govern discovery in § 2254 habeas proceedings. Applying this principle of statutory interpretation, we must presume that the Federal Rules of Criminal Procedure do not apply to § 2254 habeas proceedings.

This presumption is confirmed by the fact, as detailed above, that Rule 6(a) and Rule 12 of the Rules Governing Section 2255 Cases expressly provide that both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure apply in § 2255 habeas proceedings. The difference between the two sets of rules cannot be shrugged off as an accident or oversight. Copeland has provided no reason why we should not apply this presumption that the Federal Rules of Criminal Procedure do not apply to § 2254 habeas proceedings, and we see none. *See United States v. Bert*, 292 F.3d 649, 652 n.12 (9th Cir. 2002) (declining to apply presumption when "the mechanical application of expressio unius is contrary to both logic and legislative purpose").

That the Federal Rules of Criminal Procedure do not apply to this case is fatal to Copeland's argument that they authorize the district court's orders. Copeland does not argue

that there is anything in the Federal Rules of Civil Procedure that supports the district court's orders here.**[5]**

It would, moreover, take a strained interpretation of Federal Rule of Criminal Procedure 15(d) to support the order in this case, even if that rule did apply. Rule 15(d) refers to "the government," but within the Federal Rules of Criminal Procedure that term necessarily refers to the *federal* government, as those rules apply only to criminal prosecutions brought by the federal government. *See* Fed. R. Crim. P. 1(a)(1). Copeland has provided no reason why we should conclude that these rules were ever intended to apply to a state in circumstances like the one here, and we can see none.

Rule 15(d) is also by its express terms applicable when "the deposition was requested by the government." That was not the case here. As we discuss in connection with Rule 6(c) of the Rules Governing Section 2254 Cases, immediately below, that makes a difference.

### 2. Rule 6(c) of the Rules Governing Section 2254 Cases

Copeland argues that the district court was also authorized to issue the reimbursement orders under Rule 6(c) of the Rules Governing Section 2254 Cases. The language of the rule says otherwise.

---

**[5]** The only provision in the Federal Rules of Civil Procedure expressly authorizing the recovery of deposition expenses is Rule 30(g), which allows a party to recover certain deposition expenses when the party noticing the deposition either failed to attend the deposition or failed to subpoena a nonparty deponent who in turn failed to attend the deposition. That authorization does not apply here.

Rule 6(c), entitled "Deposition Expenses," provides as follows:

> If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

The "petitioner" in a habeas case under § 2254 is the prisoner challenging his conviction or confinement, in this case, Copeland. The "respondent" is the state or its agent, such as the warden of the prison where petitioner is held. Rule 2(a), Rules Governing Section 2254 Cases. Here, the respondents are the Director of the Arizona Department of Corrections and the Arizona Attorney General.

The rule says in so many words that the State (or its agent) may be required to pay deposition expenses "[i]f the respondent [*i.e.*, the State] is granted leave to take a deposition." In that sense, Rule 6(c) of the Rules Governing Section 2254 Cases is similar to Federal Rule of Criminal Procedure 15(d), discussed above, in that both authorize the court to order the government to pay deposition expenses when the government requests the deposition.

But the State did not request the depositions at issue here. After the two witnesses declined to travel to Arizona to testify, it was Copeland's counsel who suggested that video depositions be taken instead. The district court's orders recite that they are in response to Copeland's *ex parte* motion seeking permission to travel outside Arizona for depositions. The district court made no finding that the State sought leave to take the depositions, and Copeland does not contend that

it did.  It appears that the testimony of these witnesses was sought by Copeland to support his claim of actual innocence on certain charges, and the burden of establishing innocence in this proceeding lies with Copeland.

Rule 6(c) authorizes the court to require the State to pay the expenses "if" the deposition is requested by the State. Rule 6(c), Rules Governing Section 2254 Cases.  The interpretation urged by Copeland would eliminate that condition.  If the rule were intended to permit the court to require the State to pay for the deposition regardless of which party sought the deposition, then the first ten words would not have been included in the rule.  We are not at liberty to edit them out.  The maxim *expressio unius est exclusio alterius*, discussed above, at 12–13, applies here as well.  The omission of authority to order the State to pay deposition expenses when the deposition was requested by a party other than the State should be understood to exclude that authority.

B.  *The district court may consider whether Copeland's deposition expenses are reimbursable by the federal government.*

Although we disagree with Copeland that his deposition expenses were reimbursable by the State, his deposition expenses nevertheless appear reimbursable by the federal government under the CJA.  The district court ordered the appointment of habeas counsel under the CJA to represent Copeland in connection with the evidentiary hearing on his "actual innocence" claims.  District courts can order the federal government to reimburse an indigent habeas petitioner's deposition expenses when the petitioner qualifies for the appointment of habeas counsel under the CJA.  *See* 18 U.S.C. § 3006A(a)(2)(B) (providing for the appointment

of counsel "for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28"); *id.* §§ 3006A(d)(1), (4) ("Attorneys may be reimbursed for expenses reasonably incurred" as determined by "[t]he United States magistrate or the court . . . ."); Guidelines for Administering the Criminal Justice Act §§ 320.40.20(a), (d) (providing for reimbursement by the U.S. Department of Justice of "[e]xpenses incurred in the taking of fact witness depositions" and "reasonable travel and subsistence expenses incident to attendance of counsel and the defendant at the deposition"). On remand, the district court should consider whether Copeland qualifies for reimbursement from the federal government under the CJA.

## IV.    Conclusion

There are no statutes or rules authorizing the district court to order the State to reimburse Copeland, as an indigent habeas petitioner, for deposition expenses in his § 2254 habeas proceeding when, as here, the State did not request the depositions. Accordingly, we reverse the district court's orders and remand for further proceedings.

**REVERSED AND REMANDED.**

BERZON, Circuit Judge, concurring:

I join Judge Clifton's opinion. I write separately to note that although our conclusion regarding the collateral order doctrine is correct under our precedents, *see Wiggins v. Alameda County*, 717 F.2d 466, 467–68 (9th Cir. 1983) *and United States v. Baker*, 603 F.2d 759, 761–62 (9th Cir. 1979),

the Supreme Court has significantly limited the applicability of the collateral order doctrine in recent years. For example, the Court has held that an order of sanctions under Federal Rule of Civil Procedure 37(a) is not immediately appealable. *See Cunningham v. Hamilton Cty.*, 527 U.S. 198, 210 (1999). The Court has also so held with respect to a disclosure order adverse to the attorney-client privilege. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 112–13 (2009).

I am not sanguine that the collateral order doctrine still permits interlocutory review of a district court's award of discovery costs, given the direction the Supreme Court has taken. But there is no direct conflict between any Supreme Court case and our precedents, *Wiggins* and *Baker*, such that those cases are "clearly irreconcilable" with Supreme Court law. A three-judge panel would therefore not be justified in departing from those precedents. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

With these observations, I concur in the opinion in full.