BERZON,
Circuit Judge, concurring:
I join Judge Clifton’s opinion. I write separately to note that although our conclusion regarding the collateral order doctrine is correct under our precedents, see Wiggins v. Alameda County, 717 F.2d 466, 467-68 (9th Cir. 1983) and United States v. Baker, 603 F.2d 759, 761-62 (9th Cir. 1979), the Supreme Court has significantly limited the applicability of the collateral order doctrine in recent years. For example, the Court has held that an order of sanctions under Federal Rule of Civil Procedure 37(a) is not immediately appealable. See Cunningham v. Hamilton Cty., 527 U.S. 198, 210, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). The Court has also so held with respect to a disclosure order adverse to the attorney-client privilege. See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 112-13, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009).
I am not sanguine that the collateral order doctrine still permits interlocutory review of a district court’s award of discovery costs, given the direction the Supreme Court has taken. But there is no direct conflict between any Supreme Court case and our precedents, Wiggins and Baker, such that those cases are “clearly irreconcilable” with Supreme Court law. A three-judge panel would therefore not be justified in departing from those precedents. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003).
*910 With these observations, I concur in the opinion in full.