**NOT FOR PUBLICATION**

FEB 05 2018

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHRISTIAN WALKER, | No. 16-15611 |
| Petitioner-Appellant, | D.C. No. 2:04-cv-00929-KJD-PAL |
| v. | |
| E. K. MCDANIEL, | MEMORANDUM* |
| Respondent-Appellee. | |

\*

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted January 10, 2018
San Francisco, California

Before: THOMAS, Chief Judge, and RAWLINSON and WATFORD, Circuit
Judges.

In 1998, Christian Walker (Walker) was convicted of attempted murder

arising from a dispute involving Walker and his cousin, Johnny Walker (JW). At

his trial, JW produced evidence that Walker was the shooter. JW was acquitted of

attempted murder, but convicted of battery. At his sentencing hearing, JW

maintained his innocence.

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

At his trial, Walker argued that JW was the shooter. Following his conviction, Walker's appeal to the Nevada Supreme Court was dismissed. Walker subsequently petitioned for habeas relief in Nevada state court. The petition was ultimately unfruitful.

In 2002, JW had signed an affidavit describing a letter sent to Walker's trial counsel before Walker's trial, confessing that he was the shooter, and that Walker had no prior knowledge of the attack. Walker thereafter filed a federal petition for habeas relief, asserting primarily ineffective assistance of counsel, but attaching JW's affidavit. The federal district court dismissed Walker's petition as untimely.

On appeal, we affirmed the district court's denial of equitable tolling based on attorney misconduct, but vacated and remanded the district court's denial of tolling based on actual innocence. We determined that JW's affidavit was sufficiently trustworthy to warrant an evidentiary hearing.

At the evidentiary hearing, JW testified about the night of the shooting, the letter to Walker's attorney, his remorse for the shooting, and his acceptance of responsibility for the shooting. The prosecuting attorney in Walker's trial also testified regarding the trial tactics in the case.

Following the evidentiary hearing, the district court again dismissed Walker's petition as untimely, finding that Walker failed to adequately raise a claim of actual innocence to warrant equitable tolling. This appeal followed.

To succeed on an actual innocence claim, the petitioner must present new evidence that "persuades the district court that . . . no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Stewart v. Cate*, 757 F.3d 929, 938–39 (9th Cir. 2014), *as amended*; *see also Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Even under the more rigorous *de novo* standard, Walker's claim of actual innocence is unavailing. The district court evaluated JW's testimony and determined that the testimony lacked credibility. In addition, there were factual inconsistencies in the timeline of events, contradictory assertions of innocence made by JW after the affidavit, and JW's prior convictions for violent felonies. Because Walker failed to establish a valid *Schlup* claim, the district court properly dismissed Walker's habeas petition as untimely. *See Copeland v. Ryan*, 852 F.3d 900, 903, n.1 (9th Cir. 2017); *see also Cate*, 757 F.3d at 938.

**AFFIRMED.**