NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50253 |
| Plaintiff-Appellant, | D.C. No. 2:17-cr-00661-DMG-2 |
| v. | |
| INDEPENDENT MEDICAL SERVICES, INC.; SURGERY CENTER MANAGEMENT LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 8, 2020**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and HUMETEWA,*** District Judge.

The Government appeals the district court's June 15, 2018 and July 6, 2018

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

orders requiring it to pay the fees of two attorneys (Conflict Counsel) appointed to assist each of Defendants Independent Medical Services, Inc. and Surgery Center Management LLC as part of a *Wheat* inquiry into potential conflicts of interest with their attorneys. *See Wheat v. United States*, 486 U.S. 153, 160 (1988) ("[A] court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel.").

While the challenged orders are not final judgments, we have jurisdiction to hear this appeal pursuant to the collateral order doctrine. *See Copeland v. Ryan*, 852 F.3d 900, 904 (9th Cir. 2017) ("[T]his court has collateral order jurisdiction to review interlocutory orders requiring a government litigant to pay for litigation expenses incurred by the opposing party."); *United States v. Baker*, 603 F.2d 759, 761–62 (9th Cir. 1979) (per curiam).

The district court cited its "inherent authority" as the basis for requiring the Government to pay the Conflict Counsel's fees. "[W]hile a district court's decision to exercise its inherent power is reviewed for an abuse of discretion, whether a district court possessed that power is a question of law reviewed de novo." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

We have held that "neither the Sixth Amendment nor the CJA entitle a corporation to appointed counsel." *United States v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 1993). And we have rejected a similar argument that a district court

2

has the inherent authority to order the government to pay the attorneys' fees of defense counsel. *See Baker*, 603 F.2d at 762.

The district court relies on an order in an out-of-circuit district court case, *United States v. Burk*, No. 3:14-cr-00240-DCG, 2014 WL 2800759, at *12–14 (W.D. Tex. June 18, 2014), to support this exercise of its inherent authority. But in *Burk*, the district court's order appointing corporate counsel was contingent upon funds being located by the government in either the entity's corporate treasury or the United States treasury, *Burk*, 2014 WL 2800759, at *14, and the court ordered the defendant entity to produce records relating to its ability to pay, Order Granting, In Part, Motion for Miscellaneous Relief, *Burk*, No. 3:14-cr-00240-DCG (W.D. Tex. Jul. 16, 2014), ECF No. 62. Moreover, when it became clear that neither the government nor the entity had the funds available to pay for appointed counsel, the judge refused to appoint counsel. Advisory to the Parties at *2–5, *Burk*, No. 3:14-cr-00240-DCG (W.D. Tex. Aug. 12, 2014), ECF No. 77; Excerpt of Docket Call at *5–9, *Burk*, No. 3:14-cr-00240-DCG (W.D. Tex. Sept. 25, 2014), ECF No. 86. Without counsel, the entity could not appear, and eventually, the case against the entity was dismissed. Order Dismissing Indictment, *Burk*, No. 3:14-cr-00240-DCG (W.D. Tex. Mar. 6, 2015), ECF No. 105.

Other cases reflect the options that district courts have in this situation. The funds of the corporate defendants (or related entities) are often used to pay

appointed corporate counsel. *See United States v. Chan*, No. 3:14-cr-03662-AJB-2, 2015 WL 545544, at *2–3 (S.D. Cal. Feb. 9, 2015); *United States v. Rivera*, 912 F. Supp. 634, 644–45 (D.P.R. 1996). In *United States v. Human Services Associates, LLC*, 216 F. Supp. 3d 841, 851–52 (W.D. Mich. 2016), the district court relied upon the government's willingness to use seized assets for the payment of appointed corporate counsel. And in other instances, *pro bono* counsel has been appointed to represent indigent corporations. *See United States v. JB Tax Prof'l Servs., Inc.*, No. 2:13-cr-00127-SM-JCW, 2013 WL 6004047, at *5 (E.D. La. Nov. 13, 2013); *United States v. Crosby*, 24 F.R.D. 15, 16 (S.D.N.Y. 1959).

We recognize, as do the parties, that the district court's orders were part of a good faith effort to move this proceeding forward. And we also recognize that Conflict Counsel have already provided their services to the court. But the district court's order was not within the scope of its inherent authority. On remand, the district court is in the best position to determine, with the cooperation of the parties, how to best compensate Conflict Counsel for their work.

Accordingly, we **VACATE** the district court's June 15, 2018 and July 6, 2018 orders requiring the government to pay the fees of the Conflict Counsel and **REMAND** for further proceedings.

**VACATED AND REMANDED.**