**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN CASTILLO,
            *Plaintiff-Appellant*,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,
            *Defendant-Appellee.*

No. 19-56093

D.C. No.
2:18-cv-09067-
FMO-JEM

OPINION

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted July 7, 2020
Pasadena, California

Filed August 17, 2020

Before: Richard A. Paez and Bridget S. Bade, Circuit
Judges, and Jack Zouhary,[*] District Judge.

Opinion by Judge Bade

---

    [*] The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

## SUMMARY**

### Employee Retirement Income Security Act

Affirming the district court's dismissal of an action under the Employee Retirement Income Security Act, the panel held that 29 U.S.C. § 1132(a)(3) does not authorize an award of attorney's fees incurred during the administrative phase of the ERISA claims process.

In administrative proceedings, plaintiff filed a successful appeal from defendant's reduction of his long-term disability benefits to account for his rollover of his pension benefits into an individual retirement account. Plaintiff subsequently filed a civil action under § 1132(a)(3), alleging that defendant, the administrator of the ERISA plan, breached its fiduciary duties of prudence and loyalty by delaying its determination of the effect of plaintiff's rollover of his pension benefits and failing to inform him that it was considering an offset based on the rollover. Plaintiff sought an order surcharging defendant for his losses, measured by the amount of attorney's fees he was forced to incur to get defendant to reverse the reduction of his disability benefits.

The panel held that the attorney's fees incurred in an administrative proceeding did not constitute "appropriate equitable relief" under § 1132(a)(3). The panel reasoned that allowing an award of such fees would contravene this court's decision in *Cann v. Carpenters' Pension Trust Fund for Northern California*, 989 F.3d 313 (9th Cir. 1993), which

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

held that such awards would undermine ERISA's purpose of ensuring plan soundness and stability.  The panel noted, moreover, that ERISA's express fee-shifting provision, 29 U.S.C. § 1132(g), authorizes an award of attorney's fees incurred in a civil action but is silent as to fees incurred in an administrative proceeding.  Under the *expressio unius* canon, this silence gives rise to the inference that § 1132(a)(3) does not authorize such fees.

## COUNSEL

Elizabeth Hopkins (argued), Kantor & Kantor LLP, Northridge, California, for Plaintiff-Appellant.

Misty A. Murray (argued), Hinshaw & Culbertson LLP, Los Angeles, California, for Defendant-Appellee.

## OPINION

BADE, Circuit Judge:

This appeal requires us to decide whether § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3), authorizes an award of attorney's fees incurred during the administrative phase of the ERISA claims process.  We hold that § 1132(a)(3) does not authorize an award of such fees and therefore affirm the judgment of the district court.

## I

Plaintiff Juan Castillo was a participant in an employee benefit group welfare plan governed by ERISA,

administered by Defendant Metropolitan Life Insurance Company (MetLife), and sponsored by his employer, Verizon Communications (Verizon). In 2013, after he became disabled, Castillo began collecting long-term disability (LTD) benefits under the plan, retired from Verizon, and rolled his pension benefits into an individual retirement account (IRA).

Four years later, in December 2017, MetLife informed Castillo it would reduce his LTD benefits, effective November 1, 2013, to account for the pension rollover. MetLife withheld future benefits and sought to recover over $50,000 in benefits paid between 2013 and 2017. Castillo retained counsel and appealed MetLife's decision administratively. In July 2018, MetLife reversed its determination, resumed LTD payments, and paid Castillo over $8,500 in withheld benefits.

Castillo subsequently filed this civil action under § 1132(a)(3). He alleged MetLife breached its fiduciary duties of prudence and loyalty by, among other things, "repeatedly failing, for nearly four years after learning that Mr. Castillo rolled over his pensions into an IRA, to determine the effect of this rollover on Mr. Castillo's LTD benefits," and "never informing Mr. Castillo during that period that it was considering an offset based on the pension rollover, and therefore that it might require him to repay a great portion of the benefits he received over that period." The complaint sought "[a]n order surcharging MetLife for the losses sustained by Mr. Castillo, . . . measured by the amount of attorney's fees that he was forced to incur to get MetLife to reverse its arbitrary and unsupported reduction of his LTD benefits and demand for repayment."

MetLife moved to dismiss the complaint, arguing that it failed to state a claim for breach of fiduciary duty and, in the

alternative, that Castillo was not seeking "appropriate equitable relief" under § 1132(a)(3). The district court granted the motion to dismiss, rejecting MetLife's first argument but agreeing with MetLife that "attorney's fee awards are not 'other appropriate equitable relief'" under § 1132(a)(3). Castillo timely appealed.

## II

"We review de novo the district court's decision to grant a motion to dismiss for failure to state a claim, as well as its interpretation of ERISA." *Bassiri v. Xerox Corp.*, 463 F.3d 927, 929 (9th Cir. 2006).

## III

To determine whether attorney's fees incurred by an ERISA plan participant or beneficiary in an administrative appeal are recoverable as "appropriate equitable relief" under § 1132(a)(3), we first consider the statutory structure. As relevant here, ERISA provides for two types of actions: a claim for denial of benefits under § 1132(a)(1)(B), and a claim for breach of fiduciary duty under § 1132(a)(3).

## A

A claim for denial of benefits ordinarily begins with an administrative review procedure. ERISA mandates an opportunity for administrative review, *see* 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1(h)(1), and we have treated completion of this administrative review as a prudential exhaustion requirement, *see Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) ("[A]n ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'" (quoting

*Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995))).

If the administrative review affirms the denial of benefits, the claimant may obtain judicial review under § 1132(a)(1)(B), which states that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Furthermore, if the claimant achieves "some degree of success on the merits" in the civil action, *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)), "the court in its discretion may allow a reasonable attorney's fee and costs of action" to the claimant, 29 U.S.C. § 1132(g)(1). This fee award, however, applies solely to fees incurred in the judicial proceeding; fees incurred during "the administrative phase of the claims process" are not recoverable under § 1132(g). *Cann v. Carpenters' Pension Tr. Fund for N. Cal.*, 989 F.2d 313, 314 (9th Cir. 1993); *accord McElwaine v. US West, Inc.*, 176 F.3d 1167, 1172 n.8 (9th Cir. 1999) (per curiam).

**B**

ERISA also provides a claim for breach of fiduciary duty. Just as trust law imposes duties on trustees, ERISA imposes duties on plan fiduciaries. A fiduciary, for instance, must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . with the care, skill, prudence, and diligence . . . [of] a prudent man." 29 U.S.C. § 1104(a)(1).

A fiduciary who breaches these duties is subject to suit, and a claim for breach of fiduciary duty may be brought under § 1132(a)(3).**[1]**  As the Supreme Court explained in *Varity Corp. v. Howe*, 516 U.S. 489, 492 (1996), § 1132(a)(3) "authorize[s] ERISA plan beneficiaries to bring a lawsuit . . . that seeks relief for individual beneficiaries harmed by an administrator's breach of fiduciary obligations."**[2]**

An individual bringing a claim under § 1132(a)(3) may seek "appropriate equitable relief," which refers to "'those categories of relief' that, traditionally speaking (*i.e.*, prior to

---

**[1]** Section 1132(a)(3) states:

> A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3) (emphasis added).

**[2]** Relying on *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988), where we said that "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA," MetLife contends that an "alleged mishandling of claims does not breach any fiduciary duty under ERISA" and that § 1132(a)(3) "does not apply to allegations of wrongdoing in connection with the processing of individual benefit claims." *Amalgamated Clothing*, however, addressed claims under § 1109 and § 1132(a)(2), not claims under § 1132(a)(3). *See id.* at 1413 n.11. While § 1109(a) "gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach," *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010), § 1132(a)(3) is "broad enough to cover individual relief for breach of a fiduciary obligation," *Varity*, 516 U.S. at 510.

the merger of law and equity) 'were *typically* available in equity.'" *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011) (quoting *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006)). This relief may include surcharge—the relief Castillo seeks here. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955–58 (9th Cir. 2014).

Because § 1132(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy," *Varity*, 516 U.S. at 512, relief is not available under § 1132(a)(3) "where Congress elsewhere provided adequate relief for a beneficiary's injury," *id.* at 515. Thus, a claimant may not bring a claim for denial of benefits under § 1132(a)(3) when a claim under § 1132(a)(1)(B) will afford adequate relief. Claims under § 1132(a)(1)(B) and § 1132(a)(3), however, "may proceed simultaneously so long as there is no double recovery." *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016) (as amended).

Like a claimant asserting a denial-of-benefits claim under § 1132(a)(1)(B), a claimant asserting a claim for breach of fiduciary duty under § 1132(a)(3) may obtain an award of attorney's fees under § 1132(g). This award, however, does not include fees incurred in an underlying administrative proceeding. *See McElwaine*, 176 F.3d at 1172 n.8; *Cann*, 989 F.2d at 314–17.

## C

In this case, Castillo won his claim for denial of benefits at the administrative level. Accordingly, he does not assert a claim for denial of benefits under § 1132(a)(1)(B). He does, however, assert a claim for breach of fiduciary duty under § 1132(a)(3), and the remedy he seeks is an order

surcharging MetLife for the attorney's fees he incurred during the administrative proceedings.

Castillo contends this award of attorney's fees is "appropriate equitable relief" under § 1132(a)(3). This contention rests, up to a point, on valid premises. First, surcharge is an available remedy under § 1132(a)(3). As the Supreme Court explained in *Amara*:

> Equity courts possessed the power to provide relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment. Restatement (Third) of Trusts § 95, and Comment *a* (Tent. Draft No. 5, Mar. 2, 2009) . . . ; [J.] Eaton[, Handbook of Equity Jurisprudence] §§ 211–212, at 440 [(1901)]. Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a "surcharge," was "exclusively equitable."

563 U.S. at 441–42; *see also* 4 Spencer W. Symons, *A Treatise on Equity Jurisprudence* § 1080, at 229–30 (5th ed. 1941); George Gleason Bogert & George Taylor Bogert, *The Law of Trusts & Trustees* § 862, at 34–36, 49–50 (Rev. 2d ed. 1995 and 2019 Cumulative Supp.). Through surcharge, a beneficiary may seek "make-whole relief," *Amara*, 563 U.S. at 442—"the remedy that will put the beneficiary in the position he or she would have attained but for the trustee's breach." *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012).

Second, the surcharge remedy may, in a court's discretion, include an award of attorney's fees to a prevailing beneficiary:

> The "make whole" objective . . . of recovery from a trustee [through surcharge] may include, in an appropriate case, the attorney fees and other litigation costs of a successful plaintiff . . . .  This element of recovery, however, is a matter of judicial discretion and not a routine part of trustee liability for breach of trust . . . .  Among the facts and circumstances courts consider in exercising their judgment in these matters are the nature and extent of trustee misconduct in committing the breach, the conduct of the trustee in presenting the accounting or defending the surcharge action, and the significance of imposing costs on the trustee as a deterrent to misconduct.

Restatement (Third) of Trusts § 100 cmt. b(2) (2012); *see also Dardovitch v. Haltzman*, 190 F.3d 125, 145–47 (3d Cir. 1999); Bogert, *supra*, § 871, at 184–96.[3]

---

[3] To obtain an award of attorney's fees in a common law action for breach of trust, a beneficiary need not show that the action benefitted the trust estate generally, as MetLife contends.  To be sure, such benefit may support an award of fees.  *See* Bogert, *supra*, § 871, at 187–91.  In exercising its discretion, however, "the court may consider other factors" as well, "such as the nature and extent of the defendant's wrongful conduct, and whether there was good faith on the part of the defendant." *Id.* at 193–94 (footnote omitted); *see also Dardovitch*, 190 F.3d at 145–47.  Thus, at common law, fees may be awarded in cases falling outside the common fund doctrine or the substantial benefit rule.

Third, because "§ 502 does not elsewhere adequately remedy" Castillo's injury, *Varity*, 516 U.S. at 512, he may seek relief under § 1132(a)(3).  MetLife contends, however, that Castillo is precluded from proceeding under § 1132(a)(3) because he has adequate remedies under other aspects of ERISA's remedial scheme.  Specifically, MetLife argues that a claimant whose claim is grounded in the denial of benefits may seek administrative review and, if that process is unsuccessful, may file a claim for benefits under § 1132(a)(1)(B).  These alternative remedies, however, are not *adequate* under the circumstances of this case, because they do not afford the "make-whole relief," *Amara*, 563 U.S. at 442, Castillo seeks—reimbursement of the attorney's fees he incurred in the administrative proceeding.  Castillo, therefore, may proceed under § 1132(a)(3).

These valid premises, however, carry Castillo's claim only so far.  His argument does not adequately account for two factors that counsel against an award of attorney's fees—our decision in *Cann* and our obligation to read § 1132(a)(3) in conjunction with § 1132(g).

**1**

In *Cann*, 989 F.2d 313, we held that attorney's fees incurred in an administrative proceeding are not recoverable under § 1132(g), ERISA's express fee-shifting provision.[4]  We reached this conclusion for two reasons.  First, this provision authorizes the award of "a reasonable attorney's fee and costs of action," and we noted that "[t]he word

---

[4] Section 1132(g) states:  "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).

'action' generally designates only proceedings in court, not administrative proceedings." *Id.* at 316. Second, we concluded that an award of fees incurred in an administrative proceeding would undermine ERISA's purpose:

> [I]n the ERISA context, the congressional purpose emphasized promotion of "the soundness and stability of plans with respect to adequate funds to pay promised benefits." 29 U.S.C. § 1001(a). This purpose might be undermined by awards which, by encouraging plans to pay questionable claims in order to avoid liability for attorneys' fees, could reduce their "soundness and stability." Since the validity of a particular claim is not always immediately obvious, plans may need to challenge those which the trustee in good faith believes are invalid without expanding its risk by a double or nothing bet on attorneys' fees. Also, some claimants and some plans may use informal internal review procedures, accomplished by nonlawyers, perhaps union or other employee representatives and plan representatives; a nonliteral reading of the statute which exposed the loser to the prevailing party's attorneys' fees might undermine such a process.

*Id.* at 317.

The rule Castillo proposes is at odds with *Cann* in two ways. First, Castillo would allow claimants to accomplish under § 1132(a)(3) what *Cann* precludes them from accomplishing under § 1132(g). Under Castillo's proposed

rule, the availability of attorney's fees for the administrative phase of a benefits dispute would turn on whether the claimant could successfully recharacterize a denial-of-benefits claim as a claim for breach of fiduciary duty. If a denial of benefits could be characterized as a breach of fiduciary duty, the claimant could recover attorney's fees for the administrative proceeding under § 1132(a)(3); if the claimant could not characterize the benefits dispute as a breach of fiduciary duty, those fees would be unavailable. We are not persuaded that the availability of fees should turn on the claimant's characterization of the benefits dispute or that ERISA should be interpreted in a way to incentive claimants to characterize denial-of-benefits claims as breach-of-fiduciary-duty claims.

Second, in *Cann* we held that an award of attorney's fees incurred during the administrative phase of the claims process would undermine ERISA's purpose in promoting plan soundness and stability. Although *Cann* addressed attorney's fees under § 1132(g) rather than § 1132(a)(3), its reasoning extends, at least to some extent, to § 1132(a)(3).[5]

---

[5] We say "at least to some extent" to acknowledge that our reasoning in *Cann* may not extend fully to § 1132(a)(3). Under § 1132(g), fees are broadly available; a claimant need show only "some degree of success on the merits." *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus*, 463 U.S. at 694). Common law trust principles, by contrast, appear to require something more for an award of fees, such as misconduct or bad faith on the part of the trustee. *See* Bogert, *supra*, § 871, at 193–94; Restatement (Third) of Trusts § 100 cmt. b(2) (2012). Thus, good faith denials of benefits of the kind we highlighted in *Cann* might not result in an award of attorney's fees under § 1132(a)(3) if § 1132(a)(3) follows the common law standard. Even if this is the case, however, *Cann*'s reasoning applies at least to some extent to § 1132(a)(3). At oral argument, moreover, Castillo's counsel suggested that the *Hardt* standard would govern an

**2**

Castillo's interpretation of § 1132(a)(3) also fails to accord sufficient weight to § 1132(g). "[S]tatutory interpretation must account for both 'the specific context in which . . . language is used' and 'the broader context of the statute as a whole.'" *Util. Air Reg. Grp. v. EPA*, 573 U.S. 302, 321 (2014) (second alteration in original) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Therefore, our interpretation of § 1132(a)(3) must account for § 1132(g). On its face, nothing in § 1132(g) defeats Castillo's contention that attorney's fees incurred in an administrative proceeding are recoverable under § 1132(a)(3); instead, § 1132(g) authorizes an award of fees incurred in a civil action but does not expressly prohibit an award of fees incurred in connection with an administrative proceeding.[6]

We consider it significant, however, that § 1132(g) expressly addresses the subject of attorney's fees, affirmatively authorizing an award of fees in civil actions, while making no mention of fees incurred in the administrative proceedings mandated by the statute. "Under the maxim of *expressio unius est exclusio alterius*, there is a presumption 'that when a statute designates certain persons,

---

award of fees under § 1132(a)(3), in which case *Cann*'s reasoning would extend fully to the circumstances of this case.

[6] For this reason, MetLife's reliance on the general/specific canon is misplaced. Under that canon, "[i]f there is a conflict between a general provision and a specific provision, the specific provision prevails." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012). Because the general and specific provisions at issue here—§ 1132(a)(3) and § 1132(g)—do not conflict, this canon does not apply.

things, or manners of operation, all omissions should be understood as exclusions.'" *Copeland v. Ryan*, 852 F.3d 900, 907 (9th Cir. 2017) (quoting *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)).

"The force of any negative implication, however, depends on context." *NLRB v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)). "The *expressio unius* canon applies only when 'circumstances support[ ] a sensible inference that the term left out must have been meant to be excluded.'" *Id.* (alteration in original) (quoting *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002)). Here, the circumstances support such an inference. Under the rules governing attorney's fees, "Congress must provide a sufficiently 'specific and explicit' indication of its intent to overcome the American Rule's presumption against fee shifting." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 372 (2019) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)). Legislating against the backdrop of these rules, Congress expressly addressed the question of attorney's fees under ERISA but omitted any reference to fees incurred in the administrative proceedings mandated by the statute. The circumstances therefore support the inference that Congress did not authorize an award of fees incurred in such proceedings. This inference, considered alongside *Cann*, persuades us that § 1132(a)(3) does not authorize an award of attorney's fees incurred during the administrative phase of the ERISA claims process.

## IV

Because § 1132(a)(3) does not authorize the award of attorney's fees Castillo seeks, the district court properly dismissed the complaint. We affirm on this ground and so

we need not address MetLife's contention that Castillo's complaint failed to state a claim for breach of fiduciary duty.

The judgment of the district court is **AFFIRMED**. MetLife's motion for judicial notice (Dkt. 15) is **DENIED**. Each party shall bear its own costs on appeal.